ATWOOD'S ADMINISTRATOR, Plaintiff in Error, v. Fox, Defendant in Error.

1. A., by verbal agreement, in June, 1856, contracted to sell to B. his crops of hemp for the years 1856 and 1857, for which B. was to pay one hundred dollars per ton. The crop of the year 1856 was delivered to B. and the contract price paid therefor by B. A. offered to deliver to B. under the contract the crop of the second year, 1857; B. refused to receive the same. *Held,* that the contract was within the fifth section of the statute of frauds, not being to be performed within one year from the making thereof; that there was no such performance thereof as would take the case out of the statute; that the statute was a bar to any action, legal or equitable, on such agreement; that A. could not in a suit brought on such agreement, in which the statute of frauds was pleaded as a bar, abandon the special contract sued on, and recover on an implied agreement in the same action.

*Error to Carroll Circuit Court.*

*Troxell & Ray,* for plaintiff in error.

I. The court erred in sustaining the demurrer. There was such a part performance of said contract as took the case in a court of equity out of the statute of frauds. A fraud would be worked upon plaintiff if the defendant is allowed to set up the statute of frauds. A court of equity should interpose against the setting up of the statute of frauds. Equitable relief should be afforded. (2 Sto. Eq. § 717–720, 746, 760–1, 798, 764, 742; 1 Sto. Eq. p. 330; 2 Bars. on Contr. 554; 20 Mo. 84; 26 Mo. 221.)

*Harris,* for defendant in error.

I. The agreement was not to be fully performed within one year. No action can be brought upon it; notwithstanding there may have been a part performance. (3 Hill, 130; 2 Barb. Ch. 228; 2 Denio, 87; 9 B. Monr. 428; 1 Gray, 123; 26 Mo. 221.)

EWING, Judge, delivered the opinion of the court.

This was an action on a verbal agreement entered into in June, 1856, by which plaintiff's intestate agreed to sell and

deliver his crops of hemp raised in the years 1856 and 1857, and for which defendant was to pay one hundred dollars per ton. The petition alleges the delivery of the crop for the first year and the payment therefor by the defendant of the contract price ; that in the succeeding year, 1857, he raised a crop of hemp, which, in the spring of 1858, he offered to deliver according to the stipulations of the agreement, but that defendant refused to receive the same ; that at the time of the delivery of the first crop hemp was worth at the place of delivery one hundred and thirty dollars per ton, and in the spring of 1858 it was worth only fifty dollars per ton.

There was a demurrer to the petition, which being sustained, the cause is here by writ of error. The cause assigned in the demurrer was that the agreement sued on was not to be performed within one year from the making thereof, and this seems to be conceded by counsel ; but it is insisted that the facts and circumstances alleged in the petition are such as to preclude the defendant from interposing the statute of frauds. The acts which, it is averred, entitle the plaintiff to the relief claimed are a *part performance* of the contract—namely, the delivery of the first year's crop of hemp. The construction of that branch of the statute by all the adjudged cases, without exception, it is believed, is that the agreement is within the statute, if it is not to be wholly performed or executed within the year, and part performance will not render the contract valid ; that the word performance must mean a complete and not a partial performance. (Boydell v. Drummond, 11 East, 142 ; Brangirdle v. Heald, 1 Barn. & Ald. 722 ; 9 Barn. & Cres. 392 ; Lockwood v. Barnes, 3 Hill, 130 ; Holloway v. Hampton, 4 B. Monr. 416.) It has been held that where the contract has been entirely performed on one side, the other side can not interpose the defence arising under the section of the statute in question ; but such is not the case before us. The agreement here is one which, although consisting of stipulations, a part of which are capable of performance within the year, the entire contract, and by its express terms, is not to be

completed within that period, as it could not be from the nature of its requirements.

Had the agreement been in writing and one upon which an action at law could have been maintained, it is clear that a court of equity would not grant the relief which is here sought for a violation of the contract by the defendant. It would be no such contract as a court would undertake to enforce by decreeing a specific execution of its stipulations. The party would have an adequate an ample remedy at law, and the fact that an action on the agreement is interdicted by the statute because it does not comply with its requirements, can scarcely furnish ground for invoking the interposition of a court of equity to relieve from the operation of the statute, when, had the agreement been valid, the only remedy for a breach would have been a suit at law for damages.

It is further maintained that, although the facts alleged may not be sufficient to avoid the bar of the statute, yet the plaintiff ought not to be driven to another action to assert his rights under the implied obligation ; that the defendant should be held responsible for the market value of the hemp in this action.

The action is upon an express contract, which, as we have seen, is within the statute, and the force of the statute operates upon the special agreement only by interdicting an action upon it. The plaintiff may recover for the hemp delivered, but he can not do so in this suit unless all rules of pleading are set at naught, and unless a party may allege one cause of action and recover upon another and a different one. According to the old system of pleading, where a party declared on a special contract, but failed to recover thereon, he might have recovered on a general count, if the case were such that, supposing there had been no special contract, he might still have recovered. The plaintiff has chosen to sue upon an invalid agreement instead of the implied promise of the defendant. The principle that no action can be maintained upon an implied promise where the subject matter is

embraced in a special agreement, only applies where the special contract is valid and where there might be a recovery upon it. And had the plaintiff in this case brought his action upon the implied promise instead of the special agreement, the defendant could not have avoided it by proving the special agreement, because he must show such an one as would be valid in law. There was no necessity therefore for *experimental* suits, as the counsel supposes there was, in order to determine the legal rights of the plaintiff, nor to determine the "moral integrity" of the defendant, as his refusal to receive the second year's crop was a pretty clear intimation of his purpose to rely upon the statute.

Every petition must contain " a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended;" and a plaintiff can only recover on the cause of action alleged in his petition. (Luck v. Vaughn, 17 Mo. 586.) Having declared on a contract a suit on which is interdicted by the statute of frauds, he can not, when that statute is interposed as a defence, abandon his special contract and recover on an implied agreement in the same action.

Judgment affirmed ; the other judges concurring.