.T. J. AKINS et al., Appellants, v. W. E. HICKS et al., Respondents.

### Kansas City Court of Appeals, November 7, 1904.

1. **CONTRACTS: Distinct Liability: Accounting: Law and Equity: Action.** The plaintiffs each agreeing to.pay a specified amount* without liability for the others, subscribed and paid the defendants money as a bonus for the latter's building and maintaining a factory in their community. The factory was built, but later on the defendants removed the same. *Held,* the plaintiffs' remedy was at law for the violation of the contract and not in equity on an accounting since the contract fixed the specific liability of the plaintiffs.

2. **PLEADING: Statute: Defect of Parties: Misjoinder.** Section 598, Revised Statutes 1899, makes a defect of parties a ground of demurrer but not a misjoinder.

3. **CONTRACTS: Frauds and Perjuries: Performance Within a Year: Action.** Performance of a contract within a year means not a partial but a complete performance; so a contract to build and maintain a factory is within the statute and to maintain an action. should be in writing.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*McLane* and *Rechow & Pufahl* for appellants.

(1) The petition states facts sufficient to constitute a cause of action. Light Co. v. Miller, 30 N. E. 23; Railroad v. Hatton Co., Can. S. C. 716. (2) There is no misjoinder of parties plaintiff. Lilly v. Tobbein, 103 Mo. 488; Newmeyer v. Railroad, 52 Mo. 83; Wagner v. Meety, 69 Mo. 150; Bobb v. Bobb, 76 Mo. 422. (3) The prevention of a multiplicity of suits is a distinct ground of equitable relief. Biddle v. Ramsey, 52 Mo. 159; High on Injunction (2 Ed.), sec. 700. (4) The

petition must be measured by the state of affairs existing at the time of the institution of the suit. The word bonus does not imply a gift. Kennicott v. Supervisor, 16 Wall. (U. S. S. Court R.), 452; Book 21 L. C. Co. Ed., p. 322; Anderson's Law Dict., 130.

*C. H. Skinker* for respondents.

(1) Representations, or a parol agreement, to permanently maintain a canning factory at Humansville necessarily implied an agreement not to be performed within one year, and was, therefore, within the statute of frauds and void, and the doctrine of part performance has no application to this provision of the statute. R. S. 1899, sec. 3418; Sharp v. Rhiel, 55 Mo. 97; Briar v. Robertson, 19 Mo. App. 66; Schultz v. Tatum, 35 Mo. App. 136; Beiler v. Devoll, 40 Mo. App. 251. (2) The alleged agreement between the defendants and the subscribers to the bonus, by which each subscriber paid a specified amount, and defendants represented that they would build, operate and maintain the canning factory, if a contract at all, was a separate contract between the defendants and each subscriber to the bonus. Plaintiffs, therefore, cannot bring a joint action for a violation of said contract, or for the recovery of their several subscriptions. Davis & Rankin v. Hendrix, 59 Mo. App. 444. (3) As each subscriber paid only one specified amount there is nothing of which a court of equity can take an accounting. 3 Pom. Eq., sec. 1421 and note; Wetmore v. Crouch, 55 Mo. App. 441. (4) The only legal relation between each subscriber to the bonus and the defendants was created by the distinct, separate and voluntary act of each subscriber, acting solely for himself. (5) Plaintiffs have a complete and adequate remedy at law. Besides, they must first establish their right at law and exhaust their legal remedy. Humphreys v. Milling Co., 98 Mo. 542; Woolfolk v. Kemper, 31

Mo. App. 421; Spitz v. Kerfoot, 42 Mo. App. 77; Crim v. Walker, 79 Mo. 335; Almut v. Leper, 48 Mo. 320; Merry v. Fermon, 44 Mo. 518. (6) Each plaintiff, if entitled to recover at all, is entitled only to a money judgment for damages. Issues of fact in an action to recover money only must be tried by a jury. Briggs v. Railroad, 111 Mo. 168.

BROADDUS, J.—Plaintiff's petition charges that the defendants were successfully operating a canning factory at Fair Play, Missouri, in October, 1898, and prior thereto; that defendant Hicks, acting for himself and the other defendants, went to Humansville, a town in the same county, and with a view of securing a bonus for the purpose of erecting, operating and maintaining a canning factory at Humansville, represented to the citizens and the plaintiffs that an institution of that kind would be a great benefit to the community and that it would be a success, as defendants had successfully operated one at Fair Play; that Hicks further represented that he would operate and maintain a canning factory at Humansville if the citizens would raise a bonus of $1,500; that subscription lists, in accordance with said representations, were circulated and the required amount subscribed. There were sixty subscribers, each one agreeing to pay a specified amount, and no subscriber was, in any way, obligated to pay the amount subscribed by another. It was also set out that defendants erected the canning factory, received the bonus, and after operating the factory two years proceeded to tear it down and remove it from Humansville without reimbursing these plaintiffs or the other subscribers and in violation of the representations that they would maintain said factory at Humansville. Plaintiffs asked judgment for the aggregate amount subscribed by them, and "that the amount paid by each plaintiff be refunded to him under

the directions of the court.'' The parties to the suit differ as to whether this is an action at law or a suit in equity. The plaintiffs are proceeding upon the theory that it is a suit in equity, but in this we are of the opinion that they are mistaken. The cause of action stated grounds in damages for the violation of a contract. The allegations of the petition are that the defendant Hicks for the purpose of inducing subscriptions to a certain enterprise, viz., the erection and maintenance of a cannery at Humansville, agreed with plaintiffs to erect and maintain such cannery provided the citizens of the town would subscribe and pay them the sum of $1,500; that said amount was so subscribed; that the cannery was erected but that the same has not been maintained but has been torn down, the materials removed and the enterprise abandoned. For a violation of the agreement, they ask judgment for the whole amount of said subscription and that the same be apportioned among plaintiffs according to their respective rights. It is true plaintiffs ask for an accounting, but there is nothing alleged that would authorize one to be had, as the contract itself determines with exactness defendants' liability, and the amount subscribed is the measure of each of the plaintiffs' damages.

Defendants contend that it being a suit at law, there is a misjoinder of parties plaintiff. The subscriptions of plaintiffs were not joint but several, each plaintiff subscribing a certain sum and no one subscriber being liable for the default of another. Notwithstanding the contract is the same, the obligation of each plaintiff is independent of that of every other of his coplaintiffs. It is plain that each one of said subscribers to said contract has a complete and independent remedy at law on the contract. So far as each plaintiff is concerned, the law affords him a complete remedy. And it is an axiom that equity will not interfere in such cases. Adams' Equity, p. 314 (8 Ed.), in speaking of joinder says: ''The interests, however,

which require such joinder, seem generally referable to one of the three following heads: first, interests in the subject-matter which the decree may affect, and for the protection of which the owners are joined; secondly, concurrent claims with the plaintiff, which, if not bound by the decree, may be afterwards litigated; and thirdly, liability to exonerate the defendant or to contribute with him to the plaintiff's claim.''

The suit in question does not fall under any of the three heads. The first has reference to property or the *res* that may be affected by the decree; the second refers to concurrent claims (the plaintiffs in the suit being independent), and the litigation of one of the plaintiffs' claim would not exonerate defendants from liability to the others, and would not prevent contribution among defendants. The rule is stated thus in 1 Pomeroy's Eq. Jurisprudence (2 Ed.), section 114: ''The primary object is, that persons sufficiently interested may be before the court so that the relief may be properly adjusted among those entitled to it, the liabilities properly apportioned, and the incidental or consequential claim or interest of all may be fixed, and all may be bound in respect thereto by the single decree.''

By section 598, Revised Statutes 1899, a defect of parties is a good ground of demurrer but it does not provide in terms that a misjoinder shall be cause for demurrer. And it has been held that, ''where there is a misjoinder of plaintiffs a demurrer will lie not solely on account of the misjoinder but because in such a case the complaint does not state a cause of action in favor of the plaintiff.'' Barbour on Pleadings to Actions (2 Ed), 459. The distinction, however, is technical and immaterial under our practice, as a failure of the pleading to state a cause of action is, as a matter of course, a good ground for demurrer.

It is further contended that the alleged cause of action comes within the statute of frauds as the con-

Akins v. Hicks.

tract is not in writing and could not be performed within one year. The petition states that defendant Hicks represented that he would build and maintain a cannery and that the subscription lists were in accordance with the representations. The statement is equal to the assertion that the subscription paper corresponded with the said representations. It is true that the complaint is not as definite as it should be, but the question is not of much importance as the suit cannot be maintained in its present form. If, however, the representations were not reduced to writing, as claimed by defendants, the action could not be maintained in any form because the representations which are not included in the written contract are within the meaning of the statute of frauds. Performance of a contract within one year means not a partial but a complete performance. Sharp v. Rhiel, 55 Mo. 97. Atwood's Admr. v. Fox, 30 Mo. 499. The language of the complaint is that defendant Hicks stipulated to not only build, but also to maintain the cannery. The cannery may have been erected within one year from the date of the contract but that he should maintain it implies a much greater length of time, to say the least.

Affirmed. All concur.