### John S. Huey and Lloyd G. Kirkland, Plaintiffs in Error, v. Herman Frank, Defendant in Error.

### Gen. No. 17,852.

1. FRAUDS, STATUTE OF, § 85*—*what is effect when lease is not written.* Where a person leased certain property but such lease was void as being within the statute of frauds, the promise of the lessee to pay the lessor any loss which such lessor might sustain by reason of the lessee's failure to take the property was without consideration.

2. FRAUDS, STATUTE OF, § 94*—*what may be recovered when contract is void.* Where a lease of certain property was void as being within the statute of frauds but the lessor paid out certain money for lettering window shades, telephone and switch board services, upon the faith of such lease and at the request of the lessee such money paid was recoverable.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and judgment here. Opinion filed October 15, 1913.

JOHN S. HUEY and JOHN A. BROWN, for plaintiffs in error.

HERMAN FRANK, *pro se.*

MR. JUSTICE BAUME delivered the opinion of the court.

In April, 1910, John S. Huey and Lloyd G. Kirkland, being the lessees of a suite of offices in the Chicago Title & Trust Company building, entered into negotiations with Herman Frank relative to the subletting to

---

*See **Illinois Notes Digest**, Vols. **XI** to **XIV**, same topic and section number.

him of two rooms for the term of three years from May 1, 1910, at a rental of $80 a month. Frank agreed verbally to execute a written lease upon such terms, and, being about to leave the city temporarily, instructed his law clerk, Harry J. Lurie, to consummate the agreement with Huey and Kirkland. The latter prepared and executed a written lease in duplicate which was satisfactory to Lurie, who on April 2, 1910, signed Frank's name thereto and retained a duplicate copy of the lease, which he subsequently delivered to Frank. Upon his return to Chicago, prior to May 1, Frank frequently inspected the rooms which were then being redecorated, and until the 20th of May evidenced an apparent intention to occupy the same. During that time Frank also directed Huey and Kirkland to incur necessary expense on his account and for his benefit in providing telephone facilities and service and for lettering and window shades. On May 21st Frank told Huey and Kirkland that he had been notified by his former lessor that he had held over, under his former lease, which expired May 1st, and would be required to remain in the rooms then occupied by him; that he did not want Huey and Kirkland to lose anything by reason of his failure to take the rooms; that he desired them to re-rent the rooms as soon as possible and would pay them any loss they might sustain if they would release him from further liability under the lease. Huey and Kirkland, after diligent efforts, of which Frank was kept advised, succeeded in procuring a tenant for one of the rooms for a term beginning September 1, 1910, and for the other room for a term beginning January 1, 1911.

On January 2, 1911, Huey and Kirkland submitted to Frank an itemized statement of the amount claimed to be due them for rent to January 1, 1911, and for money expended by them at his instance and request, af   deducting therefrom the amount received as rent fo   one of the rooms from September 1, 1910, the total an  unt claimed as due being $538.40. Upon Frank's

disclaiming any liability therefor and his refusal to pay the same, Huey and Kirkland brought suit against him in the Municipal Court to recover said amount, and a trial by the court without a jury resulted in a finding in favor of Frank and a judgment against Huey and Kirkland in bar of their action and for costs, to reverse which judgment they prosecute this writ of error.

The affidavit of merits filed by defendant in error sets up the following defenses: First, that the purported lease between the parties is void, as being in contravention of the statute of frauds, in this, that it was not signed by defendant in error nor by any agent of his lawfully authorized in writing; second, that defendant in error did not agree to pay any amount for telephone service, and did not request plaintiffs in error to procure any lettering to be done, or to purchase any window shades; third, that the rooms purported to be let were not ready for occupancy until June 1, 1910.

While the evidence bearing upon the questions of fact involved is conflicting, the statement here before made sets forth the facts as the same are established by a preponderance of the evidence, and such statement is in accord with the finding of the trial court upon the facts. The judgment of the trial court was predicated solely upon a holding that as the lease in question was within the statute of frauds it was inadmissible in evidence and void, and the promise of defendant in error to pay to plaintiffs in error any loss they might sustain by reason of his failure to take the rooms if plaintiffs in error would release him from further liability upon the lease, was without consideration. In other words, the trial court held that the release of a contract within the statute of frauds, where, as in the case at bar, such statute is pleaded, is not a sufficient consideration for a new promise.

Plaintiffs in error insist that a contract within the

statute of frauds is voidable merely and not void, unless the party sought to be bound pleads the statute as a defense to an action predicated upon such contract, and that, as the lease in question was merely voidable, their agreement to release defendant in error therefrom was a sufficient consideration for his promise to pay any loss they might sustain by reason of his failure to take the rooms. As defendant in error has here interposed the defense of the statute of frauds, a discussion of the question sought to be raised would appear to be purely academic.

In 2 Page on Contracts, sec, 738, it is said: "Whether an oral contract within the statute of frauds is of such validity that its release is a valuable consideration for a new promise based thereon which is not itself within the statute, is a question on which authorities are in conflict. On the one hand the release of a contract is a valuable consideration, and in analogy a release of rights under an oral contract within the statute of frauds has been held a valuable consideration for a new contract. So where an oral contract within the statute has been broken, and a note has been given in payment of damages caused by such breach, the note has been held to be on a valuable consideration."

In *Anderson v. Best,* 176 Pa. St. 498, cited in support of the text, the action was brought upon an account stated, and a recovery was further promised upon the settled rule in that State that a moral obligation is a sufficient consideration to support an express promise. *Merchant v. O'Rourke,* 111 Iowa 351, and *Stout v. Ennis,* 28 Kan. 706, support the text.

In 2 Reed on Statute of Frauds, sec. 679, it is said: "A more difficult question arises when we try to determine whether an oral promise within the Statute of Frauds is a good consideration for a subsequent express promise. On the broad question the weight of authority appears to be that it is not."

In *Silvernail v. Cole,* 12 Barb. (N. Y.) 686, and

*North v. Forest,* 15 Conn. 406, it was held that a promise to pay money to be released from a contract within the statute is without consideration.

In *Kraak v. Fries,* 18 L. R. A. 142, it was held by the Supreme Court of the District of Columbia that a discharge from a verbal contract within the statute was not a sufficient consideration to support another engagement; that as no action could have been maintained against the defendant for any breach of that contract, a discharge from it was of no use to him. To the same effect are *Hall v. Soule,* 11 Mich. 494, and *Weatherley v. Choate,* 21 Tex. 272.

In this State the doctrine is settled that a verbal contract within the statute cannot be enforced in any way, either directly or indirectly, and cannot be made either the ground of a demand or the ground of a defense. *McGinniss v. Fernandez,* 126 Ill. 228; *Leavitt v. Stern,* 159 Ill. 526. See also *Richardson v. Richardson,* 148 Ill. 563.

The trial court properly held that the promise of defendant in error to pay to plaintiffs in error any loss of rent they might suffer by reason of his failure to take the rooms was without consideration. There is, however, another phase of the case, a consideration of which demands a reversal of the judgment.

It is well settled that while in an action at law a party cannot recover on a contract within the statute of frauds he may recover for money paid, property delivered or services rendered in accordance with, and upon the faith of, such a contract. *Quinn v. Stark County Tel. Co.,* 122 Ill. App. 133, and cases there cited.

It was agreed by defendant in error in the court below that plaintiffs in error paid out certain amounts for lettering, for window shades and for telephone and switchboard services. The proof shows that these several amounts, aggregating $38.40, were paid out by plaintiffs in error at the special instance and request of defendant in error. To deny to plaintiffs in

error a judgment for this amount would be to permit defendant in error to pervert the statute of frauds into an instrument of fraud.

The judgment of the Municipal Court is reversed and judgment will be entered in this court in favor of plaintiffs in error and against defendant in error for $38.40 damages and costs of suit.

*Judgment reversed and judgment here for plaintiffs in error for $38.40 and costs of suit.*