GEORGE W. BROWN *vs* NORMAN TRUE et al.

Cumberland.    Opinion December 13, 1923.

*Where a contract is entire and a part of it within the statute of frauds, it is unenforce-*
*able as a whole, and no action can be maintained to enforce the part which*
*would not have been affected by the statute if it had been separate*
*and distinct from the other part.*

The test of entirety of the contract is whether the parties assented to all the
promises as a single whole, so that there would have been no bargain whatever
if any promise or set of promises had been·left out.   Such was the case here.

The promise to give a mortgage was within the ban of the statute declaring the
nonenforceability of an action "upon any contract for the sale of lands, tene-
ments or hereditaments or of any interest in or concerning them."   R. S.,
Chap. 114, Sec. 1, Paragraph IV.   Therefore no recovery can be had upon
the promises to give the notes.

On exceptions by plaintiff.   An action to recover the sum of
thirty-five thousand ($35,000) dollars under an oral contract alleged
by the plaintiff to have been made with the defendants to pay him
that amount in connection with transactions relative to the sale of
the Preble House and other adjoining real estate, owned by the
Portland Savings Bank, situate in the city of Portland.   Defendants
pleaded the general issue and under a brief statement set up the
statute of frauds.   At the conclusion of the evidence of the plaintiff,
on motion by the defendants, the presiding Justice ordered a non-
suit, and plaintiff excepted.   Exceptions overruled.

The case is fully stated in the opinion.

*William R. Pattangall and Raymond S. Oakes,* for plaintiff.

*Chapman  &  Brewster,  Woodman,  Whitehouse  &  Littlefield,* for
defendants.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL,
DEASY, JJ.

CORNISH, C. J.   On plaintiff's exceptions to order of nonsuit.
On August 25, 1921, the plaintiff, a real estate broker, cancelled

certain written agreements that he had previously made with the defendants in regard to the proposed purchase of certain real estate owned by the Portland Savings Bank and the division of the profits to be realized from the sale thereof.

In consideration of this cancellation and of all services rendered, brokers' commissions, &c., the plaintiff entered into an oral contract on the same day with the defendants whereby if the Keith theatre property, which was a part of the property owned by the Savings Bank in the city of Portland, was purchased and sold by them for $235,000 he was to receive $35,000, if sold for less, then he was to receive $25,000, said sums to be paid to the plaintiff in promissory notes of the defendants in the sum of $2,500 each, the first note to be due in six months from date and the others maturing one each six months until the full amount was paid; all of said notes to bear interest at six per cent. and be secured by a mortgage on the Preble House property subject to an existing mortgage for $260,000. There is a slight difference as to some of the details between the recollection of the plaintiff and the unsigned memorandum made by the attorney for the defendants on the evening of the day the agreement was made, which memorandum was introduced in evidence by the plaintiff. But these differences have no bearing upon the issue here, which is whether an action at law for breach of this oral contract can be maintained when the defendants have invoked by their pleadings the Statute of Frauds. Reduced to its simplest terms the obligation on the part of the defendants was that they would give the plaintiff $25,000 or $35,000 in promissory notes running over a series of years and all secured by a mortgage of real estate.

Is such an oral contract void in the sense of being unenforceable under the Statute of Frauds? The defendants contend that it is, and the presiding Justice took their view. The plaintiff while granting that an oral contract for the sale of lands or any interest in or concerning them does not support an action at law, and that an agreement as to giving a mortgage might of itself be void, at the same time urges that the stipulations on the defendants' part in this contract are separable and independent, and the agreement as to giving the notes can be divorced from the agreement as to the mortgage, and an action at law be maintained for breach thereof. The primary and determining question therefore is whether the contract under consideration is entire. If entire, that is an end of the case

because the rule is firmly fixed that "if the contract is entire and part is within the statute, it is unenforceable as a whole, and no action can be maintained to enforce the part which would not have been affected by the statute if it had been separate and distinct from the other part." 25 R. C. L., Page 704, Sec. 347. "A contract though within the statute as to some portion of the performance promised by the defendant may not be so as to the remainder. Such a contract is nevertheless unenforceable, since the contract is an entirety and the fact that part cannot be enforced involves the unenforceability of the whole." 1 Williston Contracts, Sec. 532, Page 1028.

What is the true legal signification of the term "entire" contract as used in this connection? It is not employed in contradistinction to divisible. The contract may consist of different parts or items, that is, may be divisible and yet be entire. The promisor may engage to do one thing or to do two or more things. The first is obviously entire, the second is also entire, if the two or more things or parts are so interdependent, so interwoven, that the parties must be deemed to have contracted only with a view to the performance of both, and a distinct agreement as to the performance of one thing as apart from the other cannot reasonably be inferred from the transaction as a whole.

The essential test laid down by Professor Williston as to whether a number of promises constitute one contract or more than one is this: "It can be nothing else than the answer to an inquiry whether the parties assented to all the promises as a single whole, so that there would have been no bargain whatever if any promise or set of promises were struck out. . . . . Did the parties give assent to the whole transaction or did they assent separately to the several things." 2 Williston Con. Sec. 863.

As illustrating this general rule the following cases may be cited in all of which the oral contract was held to be entire. Where before marriage the spouses orally agreed that neither should claim any interest in the estate of the other, including both real and personal property, *Rainbolt* v. *East*, 56 Ind., 538; agreement to give by will both real and personal property, *Gould* v. *Mansfield*, 103 Mass., 408, *Horton* v. *Stegmyer*, 175 Fed., 756, 20 A. C., 1134 and note; for sale of both real and personal property, *Meyers* v. *Schemp*, 67 Ill., 469, *Pond* v. *Sheehan*, 132 Ill., 312, *Becker* v. *Mason*, 30 Kan., 697, *Duteil*

v. *Muggins*, 192 Ky., 616, 20 A. L. R., 361; to purchase a cargo of coal then in Philadelphia at a stipulated price and to pay freight to Boston, *Irvine* v. *Stone*, 6 Cush., 508; to hire a shop for a year at a certain rent and to pay the landlord the amount to be expended by him in fitting it up, *McMullen* v. *Riley*, 6 Gray, 500; for sale of a business, stock in trade, fixtures and good will and the vendors' leasehold interest in the premises, *Sarkisian* v. *Teele*, 201 Mass., 596; to loan $10,000 and give a mortgage on real estate as security, 91 Kan., 812.

It must be borne in mind that we are discussing here only oral contracts which are wholly executory, as was the one in the pending case, and not those which have been partly executed. A different rule under some circumstances may obtain in those cases.

Applying the definitions, tests and illustrations above given the contract in this case must be construed as entire. It is evident that the parties assented to both the promises on the part of the defendant as a single whole and it is highly probable that no bargain whatever would have been made if either promise had been omitted. On the plaintiff's view the defendants' promise was to give the fourteen notes of $2,500 each, with interest at six per cent. and secured by a mortgage of real estate. The notes and the mortgage were welded together, formed one inseparable unit, and must stand or fall together. Neither was sufficient to meet the requirement of the contract without the other, neither was contemplated by the parties as a compliance without the other, and it is not too much to say that the giving of security had compelling influence in bringing about the contract.

It is significant that the plaintiff in his pleadings has taken the same view, for in each of his four counts he recites the giving of the mortgage as well as of the notes as an integral part of the agreement, and the suit is brought to recover damages for breach of the entire agreement. As the Massachusetts Court in one case has said: "The special count in the present case sets forth the whole agreement of the parties. Part of that agreement being within the statute of Frauds is void, and therefore the contract as alleged was not proved and could not be proved. The plaintiff therefore cannot recover on that count." *Irvine* v. *Stone*, 6 Cush., 508-512. In the case at bar the whole agreement is set out in every count.

The entirety of the contract being established, the next step is to invoke the legal principle that one part of it, the promise to give the

mortgage, comes within the ban of our statute declaring the non-enforceability of an action "upon any contract for the sale of lands, tenements or hereditaments or of any interest in or concerning them." R. S., Chap. 114, Sec. 1, Par. IV. A mortgage of real estate in this State is in form a warranty deed with a condition subsequent specifying the means and manner of defeasance. Legal title passes at once to the mortgagee upon delivery, *Gilman* v. *Wills*, 66 Maine, 273; *Allen Co.* v. *Emerton*, 108 Maine, 221, 224; *Agricultural Chemical Co.* v. *Walton*, 116 Maine, 459. It follows that an oral agreement concerning the giving or discharging of a mortgage comes within the statute. *Leavitt* v. *Pratt*, 53 Maine, 147; 1 Williston Con., Section 491, and cases. It is for the same reason that an assignment of a lease of real estate must be in writing, *Kingsley* v. *Siebrecht*, 92 Maine, 23; *Inderlied* v. *Campbell*, 119 Maine, 303, and an agreement to give a bond for a deed, *Lawrence* v. *Chase*, 54 Maine, 196; *Long* v. *Woodman*, 58 Maine, 49. They all concern an interest in real estate.

The learned counsel for the plaintiff have urged a line of cases where the stipulations in the contract were clearly separable, independent and multiple, and therefore these cases are distinguishable from the case at bar. These come under the rule well stated in a Washington case cited in plaintiff's brief: "If the several stipulations are not so interdependent but that a distinct engagement as to any one stipulation may be fairly and reasonably extracted from the whole, then there may be a recovery in such distinct engagement, whenever it is clear of the Statute of Frauds, though the other stipulations are in violation of the statute." *Godefroy* v. *Huff*, 93 Wash., 371, Ann. Cases, 1918, E. 494.

These decisions do not fit here where the contract, as we have seen, was entire and the stipulations interdependent.

The technical defense must therefore avail, although it would be more satisfactory to have the case decided upon its merits. However, this result follows from what under similar circumstances has been characterized as a "rash reliance upon a promise which the statute declares void."

*Exceptions overruled.*