## MASSION v. MT. SINAI CONGREGATION
(No. 1548; April 30, 1929; 276 Pac. 930)

For the plaintiff and appellant, there was a brief and oral argument by *John F. Delaney* of Cheyenne, Wyo.

For the defendant and respondent, there was a brief by *Haggard & O'Mahoney* of Cheyenne, Wyo., and oral argument by *Mr. Joseph C. O'Mahoney.*

*John F. Delaney,* in reply.

RINER, Justice.

The record in this case is before us upon direct appeal from a judgment of the District Court of Laramie County. The parties will hereinafter be referred to as they appeared before the trial court, the appellant Shavie Massion there being the plaintiff, and the respondent Mount Sinai Congregation being the defendant.

Plaintiff's petition, after setting out averments that the defendant is a domestic corporation, that the plaintiff is

the widow of Enoch Massion, deceased, and that defendant is the owner of a building in the city of Cheyenne, Wyoming, charges that on or about September 23, 1919, defendant employed plaintiff's husband to attend to the boiler used for heating defendant's building; that while thus employed, said boiler—permitted by the defendant, carelessly and negligently, to become worn out and unsafe and known by it to be so—exploded and injured plaintiff's husband so badly that he died from his injuries, leaving her in necessitous circumstances. The pleading then alleges, to use its exact language:

"That said defendant through its officers, agents and committees, on or about the 11th day of August, 1920, promised and agreed with this plaintiff that if she would forego instituting an action as personal representative of the deceased Enoch Massion for damages, sustained by reason of negligence of the defendant aforesaid; that it, The Mount Sinai Congregation, would provide this plaintiff with sufficient money to enable her to live in reasonable comfort for the term of her natural life, and that also, and for the same consideration, the defendant by its officers, agents and committees promised and agreed to maintain a room in the Memorial Hospital of Cheyenne, Wyoming, for Jews, the same to be free of charge to patients, and maintained in memory of the said Enoch Massion, deceased; and also for the same consideration, promised and agreed to buy and keep in the Jewish Synagogue an elaborated Bible or Talmud, the same to perpetuate the memory of Enoch Massion, deceased. And the defendant for the same consideration, promised and agreed with this plaintiff to provide her with a pew in the Jewish Synagogue for the term of her natural life, and free of all charges."

Plaintiff further alleges "that she has kept and performed all the conditions of her contract" and, relying on defendant's promises aforesaid, "has abstained from bringing any action in any court for damages resulting to her through the negligence of the defendant, as aforesaid," and cannot now bring an action for "the wrongful death of the deceased" because the bar of the Statute of Limita-

tion has fallen. It is then charged that the defendant has wholly failed to perform any part of its agreement, and that plaintiff has been damaged in a claimed amount, for which judgment is prayed.

To this petition the defendant interposed a general demurrer. It was stipulated and agreed in the court below and is so here, that the alleged contract of August 11, 1920, was entirely oral. The action below was instituted November 14, 1927, about nine months before the eight year Statute of Limitations concerning oral agreements would have become operative (W. C. S. 1920, Sec. 5568).

The trial court sustained the demurrer and as the plaintiff decided to stand upon her petition, a judgment dismissing the action was entered against her. The errors assigned are the sustaining of defendant's demurrer to plaintiff's pleading and the entry of the judgment dismissing her suit.

The principal question raised by these assignments and which was argued orally and by brief on behalf of the defendant, is whether the oral contract sued upon is rendered void by the terms of our Statute of Frauds (W. C. S. 1920, Sec. 4719), the portions of the statute pertinent here being:

"In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith:
"First—Every agreement that by its terms is not to be performed within one year from the making thereof."

We are not aided in plaintiff's main brief by a discussion of the operative force of this statute as it may affect the pleading under consideration, it merely being claimed that she performed her part of the agreement. The rule relative to the particular clause of the law invoked by the defendant is thus stated in 27 C. J. 175, Sec. 90:

"An oral undertaking to do a particular act during, at or after a definite period of time which is more than a year

after the making of the agreement is within the express language of the statute and cannot be enforced.''

This language has the full support of many cases cited in connection with the text. 25 R. C. L. 452, Sec. 26, referring to the particular clause of the statute under consideration here, says:

''The object of this provision is said to be to prevent contracts not to be performed within the year from being vouched by parol evidence, when at a future period any question might arise as to their terms. It includes only such agreements as, fairly and reasonably interpreted, do not admit of a valid execution within the space of a year. On the other hand, it is within the statute, as a general rule, if the time for the full performance of the contract exceeds a year though the excess be ever so little.''

Supplementing the statement first above quoted, the same work also states (27 C. J. 181-2, Sec. 100) that:

''A verbal contract or agreement which, although it stipulates no definite time for its performance, will of necessity, according to a reasonable interpretation of its terms, require more than a year for its performance is within the statute and void. * * * And so where a party to a parol contract agrees to do something which by law he is not permitted to do within a year, such agreement is within the statute.''

Browne on the Statute of Frauds (5th Ed.) Sec. 285, on the same subject remarks:

''One thing is well settled and admitted in all cases; that the contract must be capable of entire and complete execution within the year.''

And to this author's statement may be added that this must be true with reference to at least one of the parties to the contract, according to the numerical weight of authority (I Williston on Contracts, 990, Sec. 504).

Mr. Williston, in the work just cited at page 966, also uses phraseology similar to that quoted from Browne, supra, to this effect:

"It is well settled that the oral agreements invalidated by the statute because not to be performed within a year include those only which cannot be performed within that period."

In the light of these statements of the law dealing with the matter now under consideration—statements which we may take as accurate—let us examine that part of the alleged oral contract, the performance of which rested upon the plaintiff. As pleaded, her promise was that she "would forego instituting an action as personal representative of the deceased Enoch Massion, for damages." Was this a promise which "fairly and reasonably interpreted" could not be performed within a year? The agreement was made August 11, 1920. The right of action for causing the alleged wrongful death of plaintiff's husband arose September 23, 1919. By law (W. C. S. 1920, Sec. 5561), suit might be brought by the personal representative of the deceased at any time within two years of that date to enforce a claim for damages. When, therefore, the oral contract relied upon was made by the parties, there remained under this law something over a year and one month within which an action might be instituted. It is clear that more than a year must necessarily elapse before the fulfillment of plaintiff's promise to forego commencing an action was established. Certainly the engagement might have been broken and suit started at any time within the approximately thirteen months remaining under the special Statute of Limitation when that engagement was made. Some courts have attempted to distinguish between an agreement to do a thing and an agreement not to do a thing for a certain definite time more than a year. But the better and more logical reasoning is, we think, to the effect that any such claimed distinction is unsubstantial. This

is the view expressed by the author of Browne on the Statute of Frauds, supra, Sec. 282, where it is said:

"The distinction between an agreement to do a thing and an agreement not to do a thing, for a definite term of years, would seem to be, barely stated, quite unsubstantial. In each case the promisor undertakes that during the stipulated term of years he will submit to and observe a certain obligation, which the agreement imposes upon him; and in each case, and in the same way in each case, his death only makes the performance of that obligation for the residue of the stipulated time impossible."

In this view Mr. Williston concurs. See I Williston on Contracts, 974, Sec. 497 and cases cited.

What has thus far been said has been without regard to the precise and peculiar phraseology of plaintiff's promise. Her agreement was to refrain from bringing an action for damages "as personal representative of the deceased Enoch Massion." There is no allegation in plaintiff's petition that at the time of making this covenant, she was the duly appointed and qualified personal representative of the deceased. There is not even an allegation that she had the right to be appointed as personal representative. Neither is there an allegation that she was the sole legatee or heir at law of her husband. Section 5561, W. C. S. 1920, provides:

"Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate. In every such case, the jury shall give such damages as they shall deem fair and just, and the amount so recovered shall not be subject to any debts or liabilities of the deceased; provided, that every such action shall be commenced within two years after the death of such deceased person."

Under a somewhat similar statute the Supreme Court of Indiana, in Yelton, Admr. v. Evansville etc. R. Co., 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158, said:

"The action is in favor of the personal representatives of the deceased, and the widow has no power to control the prosecution of the action, or interfere with its prosecution, or make settlement of the cause of action. It is the damages collected in such an action that inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased. In Iowa there is a statute very much the same as the one in this state, and is in effect the same. It provides that 'when a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that if the deceased leaves a husband, wife, child, or parent, it shall not be liable for the payment of debts.' Iowa, Rev. Stat. 1888, Sec. 3731.

"In the case of Dowell v. Burlington C. R. & N. R. Co., 62 Iowa, 629 (17 N. W. 901), it is held that in an action brought by the administrator to recover damages resulting from the death of the intestate the widow of the deceased could not release the claim. The court said: 'She is not and was not the administratrix, and could not release the claim of the estate of the intestate, based upon his death through negligence of the defendant.' The action is the same in this state. It is a right of action given to the personal representatives of the deceased, the damages recovered to inure to the benefit of the persons named in the act. It is a continuation in the personal representative of the cause of action which would have existed for the negligence in favor of the deceased if he had survived. Long v. Morrison, 14 Ind. 595, 77 Am. Dec. 72. The administrator would have the same right to control the action that the deceased would had he survived and prosecuted it. Rogers v. Zook, 86 Ind. 237. The administrator of the estate could not make a compromise and settlement of the action except by the authority of the court. He had the right to prosecute the action to final judgment and accept and collect the amount of damages assessed, but he had no right to

compromise and adjust the claim without the order of the court. Markel v. Spitler, 28 Ind. 488; 2 Woerner, Administration, Sec. 326, p. 683.''

There is serious doubt, therefore, whether the promise of the plaintiff, taking the plain purport of its wording, imposed any legal liability upon her, and so operated as a consideration at all. Her promise could hardly bind the personal representative of the deceased, nor would the court be obliged to sanction it in any event. The rule is, 13 C. J. 329, Sec. 172:

''A promise is a good consideration for a promise, provided always that it imposes some legal liability on the person making it. If it imposes none, then it cannot be a consideration.''

However this may be, it is reasonably plain that the promise as made did not and could not operate as a present transfer or release of the alleged cause of action which existed only in favor of and under control of the personal representative of Enoch Massion, deceased, yet to be appointed, and subject to the direction of the Probate Court. Obviously, too, plaintiff's personal promise could not be binding upon or affect the rights of other legatees or heirs at law, if there were any. In Crawford v. Lockwood, 9 Howard's Pr. (N. Y.) 547, it is said:

''By the common law, a release can operate only upon a vested, and not upon a contingent right. A release of a possibility is void.''

At the time the agreement was entered into between the parties, plaintiff personally had no vested right in the alleged cause of action against the defendant. In the view most favorable to plaintiff, her promise was one which both parties intended, and, by its terms, indicated, that it should operate for the future, and whose complete performance would not be a fact until the full time remaining for bring-

ing suit, as fixed by law, had expired, i. e. more than one year from the inception of the contract. Under the authorities cited, such a promise is within the statute.

Turning now to the promises, whose performance rested upon the defendant, we find that there were four, viz: 1. To provide plaintiff with sufficient funds to enable her to live in reasonable comfort for the term of her natural life; 2. "To maintain a room in the Memorial Hospital of Cheyenne, Wyoming, for Jews, the same to be free of charge to patients and maintained in memory of the said Enoch Massion, deceased;" 3. "To buy and keep in the Jewish Synagogue an elaborated Bible or Talmud, the same to perpetuate the memory of Enoch Massion, deceased;" 4. To provide plaintiff with a free pew in the Jewish Synagogue for the term of her natural life.

So far as the promises numbered "1" and "4" are concerned, the current of authority is as stated by 2 Page on Contracts, Sec. 1304:

"Human life is uncertain and any person alive at a given time may die within a year from that time. On this principle a contract which by its terms is not to be performed for a longer period than during the life of a given person is held not to be within this clause of the statute."

To the same effect is Browne on the Statute of Frauds, supra, Sec. 276 and cases cited; 27 C. J. 184, Sec. 106 and cases referred to in the notes; I Williston on Contracts, pages 968-9, Sec. 495; 2 Elliott on Contracts, Sec. 1285. The Statute of Frauds, accordingly, does not affect these particular covenants in the contract.

The promises numbered "2" and "3" are obligations of a different character. They require the defendant to keep and maintain certain things in memory of and to perpetuate the memory of plaintiff's deceased husband. 38 C. J. 336 says:

" 'Maintain' ordinarily conveys the notion of continuance of conditions; it denotes continuous or recurrent acts approaching permanence."

See also United States v. Smith, 27 Fed. Case 1155, No. 16329. While no time is particularly mentioned in these two covenants, we are inclined to think that, by their terms, the parties did not contemplate a complete performance within the year. Nor could such performance reasonably be accomplished within that time. They could hardly have considered that the memory of the deceased would be "perpetuated" by the performance of these agreements for merely a year or less. The reasonable significance of the language employed in the covenants cannot fairly be said to have imported a temporary arrangement.

The legal principle which we think applicable to such agreements is expressed in 27 C. J. 180 thus:

"Where from the nature and terms of the contract it is manifest that the parties intended to enter into a permanent arrangement, or that they did not contemplate a complete performance within a year, the contract is within the statute, although no time for performance is specified, and even though there is a mere possibility of performance within a year."

In Meyer v. Spink Company, 76 Ind. App. 318, 127 N. E. 455, the court, quoting with approval from Chitty on Contracts, uses this language:

"This enactment applies to all contracts, the complete performance whereof is of necessity to extend beyond the space of a year; the rule being that where the agreement distinctly shows upon the face of it that the parties contemplated its performance to extend over a longer period than a year, the case is within the statute. Accordingly, the provisions of the statute render a verbal contract void, if it appears to have been the understanding of the parties at the time that it was not to be completed within a year, although it might be, and was, in fact, in part performed within that period."

In Cumberland etc. Co. v. Posey, 196 Ky. 379, 244 S. W. 770, the language of a previous opinion of the court is adopted to the following effect:

"But the facts of this case do not bring it within the rule laid down in this line of authorities; but they do bring it, as we think, well within the principle that a contract is within the statute although no time is fixed for its performance, when it is clearly made to appear from the terms of the contract and its nature and the situation of the parties, that it was intended and contemplated by both parties at the time the contract was entered into that it would not and could not be performed by both parties within the year. Browne on Statute of Frauds, Sec. 281; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746; Walker v. Johnson, 96 U. S. 424, 24 L. Ed. 834; Warner v. Texas & Pacific Railroad Co., 164 U. S. 418 (17 S. Ct. 147), 41 L. Ed. 495; Blanding v. Sargent, 33 N. H. 239, 66 Am. Dec. 720; Kent v. Kent, 62 N. Y. 560, 20 Am. Rep. 502."

Akins v. Hicks, 109 Mo. App. 95, 83 S. W. 75, was a case where there was an oral contract, simply, to erect and maintain a cannery, and in holding the agreement within the statute the court said:

"Performance of a contract within one year means not a partial, but a complete, performance. Sharp v. Rhiel, 55 Mo. 97; Atwood's Adm'r. v. Fox, 30 Mo. 499. The language of the complaint is that defendant Hicks stipulated to not only build, but also to maintain, the cannery. The cannery may have been erected within one year from the date of the contract, but that he should maintain it implies a much greater length of time, to say the least."

See also 2 Elliott on Contracts, Sec. 1287.

As we see the matter, the contract by its terms could not be fully performed within a year by either party. Under such circumstances the Statute of Frauds must be held to be operative.

Something was said on behalf of the plaintiff at the argument of the case and also in a supplemental memorandum of authorities subsequently submitted, urging the divisibility of defendant's promises; that as part of these were and part were not within the statute, those without the law should be permitted to stand. Aside from this question concerning the divisibility of defendant's promises, which is not free from doubt (25 R. C. L. 704, Sec. 347; 27 C. J. 318, Sec. 404; Brown v. True, 123 Me. 288, 122 Atl. 850; Linebarger v. Devine, 47 Nev. 67, 214 Pac. 532; Godefroy v. Hupp, 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918 E. 494), plaintiff's promise itself is within the statute, and being void afforded no consideration for any promises made by defendant. Hooker v. Knab, 26 Wis. 511; Kraak v. Fries, (21 D. C. 100), 18 L. R. A. 142; Huey v. Frank, 182 Ill. App. 431; Wilkinson v. Heavenrich, 58 Mich. 574, 26 N. W. 139; 13 C. J. 329, Sec. 172, supra. It is consequently unnecessary to inquire whether the contract as pleaded was entire or divisible.

In our opinion the trial court properly sustained the demurrer to plaintiff's petition and the judgment should accordingly be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.