MARX FELDMAN, respondent,

*v.*

ROSE WARSHAWSKY, ABRAM WARSHAWSKY and LILLIAN FELDMAN, appellants.

[Argued May 20th, 1938. Decided October 17th, 1938.]

*Mr. Edward F. Merrey (Mr. Peter Cohn,* on the brief), for the appellants.

*Messrs. Mendelsohn & Mendelsohn (Mr. Sam Mendelsohn),* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The facts are fully, and as we think after a careful examination of the evidence, correctly stated in the opinion of the learned vice-chancellor. The reasoning of the opinion below proceeds on the theory of awarding specific performance of an agreement to make a mortgage, on the ground of part performance by complainant, such part performance consisting simply of the advancing of the mortgage money. In support of this the opinion cites several decisions in other

states, of course not controlling here, and three cases in this state, viz., *Dean* v. *Anderson, 34 N. J. Eq. 496; Clark* v. *Van Cleef, 75 N. J. Eq. 152,* and *Rutherford National Bank* v. *H. R. Bogle & Co., 114 N. J. Eq. 571.* This last is a decision also by Vice-Chancellor Lewis, in which he relies, as in this, on the two earlier cases. An examination of them satisfies us that they are not in point on the facts. In *Dean* v. *Anderson* there was a complicated situation of exchange of properties, involving a mortgage. All the deeds were executed and delivered and all that remained was the delivery of one mortgage. In *Clark* v. *Van Cleef,* specific performance was denied on the ground that the six year statute of limitations having barred recovery at law, barred the equitable remedy as well. It will be seen, therefore, that what Vice-Chancellor Walker said in that case on the matter of specific performance was mere *dictum,* not essential to the decision. We think it is the settled rule that the payment of money, without more, does not constitute such a partial performance as to take the case out of the statute of frauds, where real estate is involved. *Pom. Eq. Jur. (2d ed.)* ¶ *2246; Cooper* v. *Colson, 66 N. J. Eq. 328,* a decision of this court. And we consider that a mortgage creates an interest in lands, in the sense indicated by section 5 of the statute of frauds. In *Bernheimer* v. *Verdon,* unofficially reported in *49 Atl. Rep. 752,* the late Vice-Chancellor Stevens held, at page 734, citing and following *Browne, Stat. Frauds* § *267,* that an agreement to mortgage a lease was a contract for an interest in lands, within the fifth section; and this court in affirming adopted his opinion. *63 N. J. Eq. 312.* In *Joseph S. Naame Co.* v. *Louis Satanov, &c., Corp., 103 N. J. Eq. 386,* the late Vice-Chancellor Ingersoll held that a mortgage creates an interest in lands and that the statute is applicable. On appeal (*109 N. J. Eq.,* at *p. 167*) we reserved the point as unnecessary to decide, but later, in *George* v. *Meinersmann, 119 N. J. Law 460,* held that an oral agreement not to foreclose a mortgage was within the statute, citing and relying on the *Naame Case* in *103 N. J. Eq.* It follows that the simple transfer of the mortgage money from respondent to his wife's parents would not suffice to remove the bar of the statute.

The foregoing considerations require a reversal of the decree under review unless it can be supported on some other ground apparent on the face of the bill; and we find no such ground. The bill counts solely upon a proposition made by the defendants that if complainant would let them have the money, they would make a mortgage; and that he did let them have the money, but that they refused to make the mortgage. Consequently, as there was no contract in writing, and in view of the law as we have found it to be, there was no case for equitable intervention.

The decree is therefore reversed, and the case remitted to the court of chancery with directions to dismiss the bill of complaint.

*For affirmance*—HEHER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, JJ. 5.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, PORTER, RAFFERTY, WALKER, JJ. 9.