## Zach v. Bak et ux.

*James F. Swartz*, for plaintiff.

*Joseph Bak*, for defendants.

FLOOD, J., September 12, 1952.—Plaintiff's bill seeks specific performance of an oral promise to give a mortgage on defendants' home as security for loans made by plaintiff in the amount of $2,000. Defendants filed preliminary objections interposing the statute of frauds as to realty: Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1.

Thus is raised a question which has never been directly decided in any reported case in Pennsylvania: whether the statute of frauds prevents specific performance of an oral promise to give a mortgage as security for a loan. Such a promise is one instance in the class of cases categorized as "equitable mortgages", which have received attention in other jurisdictions. See 5 Tiffany, Law of Real Property, §1563 (1939); Osborne, Handbook on the Law of Mortgages (1951). As a result there is highly persuasive precedent on the specific question here.

The well-established view of other jurisdictions is that such an oral promise is within the statute of frauds: Pattillo v. Tucker, 216 Ala. 572, 113 So. 1 (1927); Watson v. Hobson et al., 401 Ill. 191, 81 N. E. 2d 885 (1948); Brown et al. v. Stapleton, 216 Ind. 387, 24 N. E. 2d 909 (1940); Lane et al. v. Lloyd et al., 33 Ky. L. Rep. 570, 110 S. W. 401 (1908); Kline et

al. v. Inland Rubber Corp., (Md.), 69 A. 2d 774 (1949); Brown v. True et al., 123 Me. 288, 122 Atl. 850 (1923); Kelly v. Kelly, 54 Mich. 30, 19 N. W. 580 (1884); Hecht v. Anthony et al., 204 Minn. 432, 283 N. W. 753 (1939); Herring v. Whitford et al., 119 Neb, 725, 232 N. W. 581 (1930); Feldman v. Warshawsky et al., 125 N. J. Eq. 19, 4 A. 2d 84 (1938); Douglass v. Douglass et al., 199 Okla. 519, 188 P. 2d 221 (1947). And Justice Cardozo in the leading case of Sleeth v. Sampson et al., 237 N. Y. 69, 142 N. E. 355, 30 A. L. R. 1400 (1923), decided that the giving of the money was not such part performance as would take the case out of the statute. See Osborne, op. cit. supra, §60; cf. Walsh, Mortgages, 48, n. 30.

Plaintiff argues that a mortgage is personalty in Pennsylvania and hence not within the statute. But it is a familiar proposition that a mortgage has a double nature and is treated in this State both as an estate and as security. We think it must be held to be such an "interest" in land as is within the meaning and spirit of the statute. A similar prohibition of verbal transactions governing realty can be found in the Act of 1881, P. L. 84, requiring a defeasance reducing an absolute deed to a mortgage to be in writing: Act of June 8, 1881, P. L. 84, as amended, 21 PS §951. The common purpose of this act and the statute of frauds was noted in Burkhart v. Insurance Co., 11 Pa. Superior Ct. 280, 289 (1899). Defendants' preliminary objections must therefore be sustained.

The family relationship of the parties here gives no ground on which relief can be predicated. Sympathy is not enough to take the case out of the statute. It appears to us that plaintiff is restricted to her action of assumpsit.

Preliminary objections sustained. Plaintiff may file an amended bill within 20 days.