704 F.2d 1052
 Lorry STRATIOTI, Father and Natural Guardian of Denise
Christine Stratioti and Lorry Stratioti, Denise Christine
Stratioti, Scott Steven Stratioti, all by Lorry Stratioti,
Trustee for the Heirs of Shirley Ann Stratioti, deceased, Appellees,
v.
Stephen R. BICK, Special Administrator of the Estate of
William C. Lange, Mary Sue Lange,
Zayre's Shopper's City, Inc., Appellant.
 No. 82-1313.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 10, 1983.
Decided April 20, 1983.
 
 Robert C. Huseby of Larson, Holmstrom, Huseby & Brodin, Ltd., Duluth, Minn., for appellees.
 Timothy N. Downs of MacDonald, Munger & Downs, Duluth, Minn., for appellee Lorry Stratioti, father and natural guardian of Denise Christine Stratioti.
 William P. O'Brien of Hanft, Fride, O'Brien & Harries, P.A., Duluth, Minn., for appellant.
 Before ROSS and FAGG, Circuit Judges, and BEAM,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Shirley Stratioti was killed and Denise Stratioti was injured when they were hit by a runaway automobile while walking in a shopping center parking lot. In this appeal we consider whether the owner of the parking lot, as a matter of Minnesota law, had a duty to protect against this accident. Because we believe that the accident was not foreseeable, we hold that no such duty existed.
 
 I. BACKGROUND
 
 2
 On February 11, 1977, Shirley Stratioti and her two young children were in a parking lot walking toward the entrance of Shopper's City, a discount retail store in Duluth, Minnesota, when they were struck from behind by an automobile driven by William Lange. The parking lot scheme is a common one; rows of parked cars run perpendicular to the store, with driving lanes separating the rows. The parking areas and driving lanes were level. The Stratiotis were crossing a driving lane that runs parallel to the front entrance of the store when they were struck. Lange's automobile was in a driving lane that runs perpendicular to the store, facing the entrance. Due to an unexplained mechanical problem, Lange's automobile went from a dead stop about one hundred feet away from the Stratiotis into full acceleration, striking the Stratiotis, and continuing on over a cement platform in front of the door, through the entrance, and partly into the Shopper's City store. Lange's automobile had been giving him problems of sudden acceleration and he was at Shopper's City to take the automobile to its auto service area.
 
 
 3
 Plaintiff brought this diversity action to recover for his wife's wrongful death and his daughter's personal injuries and obtained a total judgment of $260,726.00. In its apportionment of negligence, the jury allocated seventy percent to Lange and thirty percent to Shopper's City. Throughout the trial and upon appeal Shopper's City has contended that it owed no duty of care to the Stratiotis and that the district court committed reversible error by denying its motion for judgment notwithstanding the verdict.
 
 
 4
 The question of whether a duty arises out of the parties' relationship is a question of law for the court. See W. Prosser, Handbook of the Law of Torts Sec. 37 at 206 (4th ed. 1971); 57 Am Jur 2d Negligence Sec. 36 at 384 (1971). In a diversity case this court must look to the substantive law of Minnesota to determine the question of existence of duty. We note that our task in diversity cases is a limited one; it "is not to formulate the legal mind of the state, but merely to ascertain and apply it." R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818 (8th Cir.1983); Aguilar v. Flores, 549 F.2d 1161, 1163 (8th Cir.1977). Decisions by the highest court of the state must be accepted by federal courts as defining law, unless that court has later indicated that its pronouncement will be modified or restricted. West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). Finally, in diversity cases, the district court's interpretation of the law of the state in which it is sitting is entitled to deference. R.W. Murray Co. v. Shatterproof Glass Corp., supra, at 821. "Nevertheless, we are not bound by a district court's interpretation of state law and must reverse if we find that the district court has not correctly applied local law." Bazzano v. Rockwell International Corp., 579 F.2d 465, 469 (8th Cir.1978).
 
 II. ANALYSIS
 
 5
 The question in this case is whether a parking lot accident, caused by a runaway vehicle, is legally foreseeable and therefore places a duty on the owner of the parking lot to protect against its occurrence. In Mack v. McGrath, 276 Minn. 419, 150 N.W.2d 681 (1967), the Minnesota Supreme Court discussed specifically the foreseeability of parking lot accidents caused by runaway vehicles. In Mack, a driver was entering a shopping center parking space, perpendicular to an office building, when her foot slipped from the brake pedal to the accelerator, causing the car to jump a six-inch curb, cross a sidewalk and crash through a plate glass window into the building, injuring an occupant of the building. One of the questions on appeal was whether "the proprietor of a shopping center has a duty to safeguard the employees of its tenants against runaway automobiles * * *." Id. at 684. The Minnesota court held that the landowner had no "duty to anticipate and prevent the possibility of injury from other runaway vehicles." The court concluded that "liability cannot be predicated on the fact that out of the many thousands of vehicles which use parking areas in a normal way, one or two may occasionally jump the curb and expose pedestrians as well as tenants to the remote possibility of injury." Id. at 686.
 
 
 6
 In support of its decision in Mack, the Minnesota Supreme Court quoted the following rule governing foreseeability from the Restatement of Torts (2d) Sec. 435(2):
 
 
 7
 The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.
 
 
 8
 In Mack, the Minnesota Supreme Court also quoted and adopted the observations of the Texas Supreme Court in Watkins v. Davis, 308 S.W.2d 906 (Tex.Civ.App.1957). In that case, a truck suddenly moved forward from a parked position and drove through the front of a grocery store, injuring a customer. The Texas court stated there:
 
 
 9
 It has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. (Citations omitted.) * * * The weight of authority, which to our mind is in accord with sound principles, is to the effect that, where the injury to the traveler results from loss of entire control and direction of an animal or machine, the occurrence falls within the domain of the unusual and extraordinary, and therefore, in contemplation of law, of the unforeseeable.
 
 
 10
 Id. at 909.
 
 
 11
 Similarly, the Mack court was in accord with the holding of Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla.App.1961), in which the driver of a car parked perpendicular to a curb carelessly propelled the car forward over the curb, across the sidewalk, and into the defendant's store, injuring a patron. The Florida court acknowledged that at times operators lose control of their automobiles, but held that such incidents do not occur in the ordinary and normal course of events and that the accident was therefore unforeseeable as a matter of law by the owner of the store.
 
 
 12
 The plaintiff urges that this case is not controlled by Mack, but by another Minnesota Supreme Court case, Gresser v. Taylor, 276 Minn. 440, 150 N.W.2d 869 (Minn.1967), in which a car parked on a steep hill, above an area where players and spectators gathered at a golf tournament, rolled down the hill and injured the plaintiffs. The Mack court distinguished Gresser, as we do, because the steep incline fundamentally changed the foreseeability of an accident occurring, and because utilization of a reasonable alternative, ordinary curbing materials, would have prevented the accident.
 
 
 13
 We are aware that other jurisdictions have not found runaway vehicles to be so remarkable an occurrence as to be unforeseeable. See, e.g., Ray v. Cock Robin, Inc., 10 Ill.App.3d 276, 293 N.E.2d 483, 489 (Ill.App.1973) ("neither rare nor unusual for vehicles to go out of control due to mechanical failures within them"); Barker v. Wah Low, 19 Cal.App.3d 710, 97 Cal.Rptr. 85, 92 (Cal.App.1971) ("Reasonable men could believe that the possibility of a car jumping, lurching, or bolting forward because of mechanical failure, or negligence of the driver, although remote, was foreseeable"). Limited as we are, however, to determining how the Minnesota Supreme Court would rule, the holding in Mack controls our disposition here.
 
 
 14
 We are mindful of the distinction in this case which the district court emphasized: this accident occurred in a parking lot not inside a store. Nevertheless, absent special circumstances (see Gresser v. Taylor, supra ), it was the runaway nature of the vehicle which the Minnesota Supreme Court considered unforeseeable in Mack, not just the location of the accident. The proprietor of a shopping center may reasonably expect that drivers will use parking areas in a normal way. See Mack v. McGrath, supra, 150 N.W.2d at 686.
 
 
 15
 Neither are we willing, as was the district court, to classify this accident in a broad category of pedestrian-vehicle conflicts which could have been foreseen. This was not a normal occurrence within the scope of the anticipated use of the parking lot; it was a freak accident. Its cause cannot reasonably be said to have resulted from anticipated pedestrian-vehicle conflict, but stemmed specifically from a mechanically defective vehicle out of control.
 
 
 16
 An additional factor that the Minnesota Supreme Court has considered in determining whether a duty exists to protect against an occurrence is whether reasonable alternatives exist to prevent the occurrence. Mack v. McGrath, supra, 150 N.W.2d at 686; Gresser v. Taylor, supra, 150 N.W.2d at 877 (Peterson, J., dissenting); Luke v. City of Anoka, 277 Minn. 1, 151 N.W.2d 429, 434 (Minn.1967). As a legal concept in Minnesota, foreseeability involves a balancing process: whether the anticipated risk is sufficient to offset the burden of protecting against its occurrence. A landscape architect gave expert testimony concerning an alternative design which would have reduced vehicle-pedestrian conflict. His proposed scheme included raised pedestrian walkways, so that pedestrians and cars would not have had to share the driving lanes. The expert admitted that no shopping center parking lot in the Duluth area had such pedestrian walkways. Additionally, evidence was introduced to show that such a scheme would cause maintenance problems, inconvenience to shoppers, and new safety risks. Most importantly, it is not clear whether such a scheme would have prevented this type of accident. The Stratiotis were struck as they were crossing the driveway that runs parallel to the store. Even under the expert's proposed scheme, pedestrians would have to leave the raised pedestrian walkway to cross this driveway. We cannot say that any reasonable alternative would have prevented this accident caused by an automobile that due to mechanical failure had suddenly run amok.
 
 
 17
 Because the accident was unusual or extraordinary and unforeseeable in contemplation of the Minnesota law, Shopper's City had no duty to protect against its occurrence. The judgment n.o.v. should have been granted.
 
 
 18
 Reversed.
 
 
 
 *
 The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska, sitting by designation