Mary TURNER, Appellant (Defendant),

v.

FLOYD C. RENO & SONS, INC., a Wyoming corporation, Appellee (Plaintiff).

No. 84–133.

Supreme Court of Wyoming.

March 5, 1985.

Wade Brorby, of Morgan, Brorby, Price & Roberts, Gillette, signed the brief and appeared in oral argument for appellant.

Peggy A. Taylor, of Daly, Maycock, Anderson & Taylor, P.C., Gillette, signed the brief for appellee; appellee submitted the case on the brief.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant-defendant and appellee-plaintiff own adjoining lands. After appellant constructed a fence line along that which she contended was the actual boundary between the two lands, appellee brought an action founded on adverse possession, trespass and confirmation of easements. The determining issue was title to real property. At a pretrial meeting of the parties for the purpose of taking depositions, settlement discussion took place. Appellee contends that an oral settlement was reached. Appellant testified to the contrary. Appellant's then counsel prepared a written settlement agreement and sent it to appellee's counsel. Appellee's counsel added some descriptive material anticipated to be added; appellee signed the agreement, and it was returned for appellant's signature. Appellant refused to sign. Appellee moved the court to adopt the settlement agreement. Appellant filed a motion in limine to bar all testimony or other evidence concerning the settlement negotiations based on

Rule 408, W.R.E.,[1] and the statute of frauds. This appeal is from the court's order granting appellee's motion and denying appellant's motion.

We will reverse and remand.

Even if the parties orally agreed to terms resolving their contest, the contest and such agreement dealt with an interest in real property not to be performed within a year. The agreement provided that a portion of the fence line constructed by appellant be changed and that the fence line as·changed "shall constitute the legal boundary between the parties' property." It provided that appellee have an easement across appellant's property for an access road to appellee's property. An easement is an interest in real property that is covered by the statute of frauds. *Coumas v. Transcontinental Garage*, 68 Wyo. 99, 230 P.2d 748, 41 A.L.R.2d 539 (1951); *Linck v. Brown*, 55 Wyo. 100, 96 P.2d 909 (1939). That required by the contract involved title to real property and it would not be performed within one year and thus would be covered by the statute of frauds. *Hageman & Pond, Inc. v. Clark*, 69 Wyo. 154, 238 P.2d 919 (1951); *Massion v. Mt. Sinai Congregation*, 40 Wyo. 297, 276 P. 930 (1929).

Section 1–23–105(a), W.S.1977, Cum. Supp.1984, provides in pertinent part:

"(a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith:

"(i) Every agreement that by its terms is not to be performed within one (1) year from the making thereof;

"*       *       *       *       *       *

"(v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year;"

Appellant did not subscribe to the agreement and she was one of the parties to be bound thereby. *Wallis v. Bosler*, 70 Wyo. 129, 246 P.2d 771 (1952). Appellee concedes that the agreement is within the statute of frauds, but he argues that:

"The doctrine of promissory estoppel, may, in certain circumstances, be used to uphold oral agreements and thus prevent the statue [sic] of frauds from becoming itself an instrument of fraud."

Appellee contends that at the time of the oral conference, appellant had no intention of performing under the oral agreement reviewed at that time, and that such amounted to fraud which would estop appellant from asserting the statute of frauds.

It is true that the statute itself cannot become an instrument of fraud. *Vogel v. Shaw*, 42 Wyo. 333, 294 P. 687 (1930). The context in which this proposition is to be applied was discussed in *Kincheloe v. Milatzo*, Wyo., 678 P.2d 855, 862 (1984). We said there:

"Fraud, we have held, must be clearly proved by the one alleging it. [Citation.] Fraud will never be presumed and will only be sustained on evidence that is clear and convincing. [Citation.] Finally, we have held that fraud cannot be imputed from facts that are as consistent with an honest intention since fraud must be demonstrated in a clear and convincing manner. [Citations.]

"* * * [T]he party who relies upon estoppel must be able to show that he or she lacks knowledge of the facts, is without means of discovering them, relies upon the action and representations of the party sought to be charged and must be able to demonstrate a changed position accompanying such reliance. * *"

Appellee contends that appellant is estopped from invoking the statute of frauds

---

**1.** Rule 408, W.R.E., provides in pertinent part: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. * * *"

by virtue of her promise to execute a written instrument containing that orally agreed to by both parties, which promise she did not intend to keep. Basic to this contention is the existence of an oral agreement. The motion to have the court adopt the agreement and the court's order doing so, in effect, was a request to obtain specific performance of an oral contract and an order for such specific performance. Was there an oral agreement?

The law is well stated in *Hageman & Pond, Inc. v. Clark*, supra, 238 P.2d at 923-924:

" * * * The courts generally hold that whether or not a contract is to be effective only when reduced to writing and signed by all the parties is mainly a question of intention. In 122 A.L.R. 1248-1250, it is said: 'The fact that parties to negotiations contemplated the drawing and execution of a formal written contract is regarded in numerous cases as evidence that they intended the prior oral or informal agreement, * * * to be merely tentative and not final. Indeed, this circumstance has been considered as "strong evidence" that the parties did not intend that the negotiations should amount to an agreement prior to the execution of the formal writing. * * * It has been said that if the parties stipulate for a formal written agreement expressive of their intention, there is a strong presumption that no contract is made until the formal instrument is prepared and executed, also that where there is a statute requiring that a contract be reduced to writing there can be no presumption of an intention to consummate the contract in any other form.' See the cases cited, and among others the case of *Atlantic Coast Realty Co. v. Robertson's Ex'r*, 135 Va. 247, 116 S.E. 476 [1923] which quotes from *Ridgway v. Wharton*, 6 H.L.C. 268. See also the opinion of Lord Blackburn in the case of *Rossiter et al. v. Miller*, 3 App.Cas., (Law Rep.1877-8) 1124, 1152; Pollock on Contracts (11th Ed.) page 34; 1 Williston on Contracts (Rev.Ed.) page 64, note 1.

"Counsel for defendant contends that the circumstances in this case clearly show that it was the intention of the parties that a written contract was to be drawn and signed by all the parties, and that the case of *Summers v. Mutual Life Insurance Co.*, 12 Wyo. 369, 75 P. 937, 943, 66 L.R.A. 812 [1903] is decisive on the point here discussed. The decision was by the late Justice Potter. He cites with approval the case of *Mississippi & Dominion Steamship Co. v. Swift*, 86 Me. 248, 29 A. 1063 [1894], enumerating some of the circumstances in determining as to whether or not an oral contract should be considered as the final contract of the parties, namely, 'such as whether the contract is one usually put in writing, whether there are few or many details, whether the amount involved is large or small, whether it requires a formal writing for a full expression of the covenants and promises, and whether the negotiations themselves indicate that a written draft is contemplated as the final conclusion of the negotiations.' See also *Gilbert v. Texas Co.*, Tex.Civ.App., 218 S.W.2d 906, 941-942 [Tex.Civ.App.1949]. Other circumstances may be added in the case at bar, namely that it involves a transfer of an interest in real property which ordinarily under the Statute of Frauds must be in writing and signed by the party sought to be charged; that the contract was in fact reduced to writing and submitted to the other party; the fact that the written instrument contains a blank space where the defendant was expected to sign his name, *Rork v. Las Olas Co.* [156 Fla. 510, 23 So.2d 839 (1945)], infra, and perhaps the fact that he actually refused or neglected to sign it. * * * "

The circumstances listed to determine whether or not the intent of the parties was to put the agreement in writing in order to be effective when applied to this case reflect the intention to have the written instrument be the contract between the parties. They agreed to have a written document; the statute of frauds requires a written document; it is the type of contract

usually put in writing; it contained many details such as location of gates in the fence and procedure to be followed with reference to future boundary disputes; it involved an important matter; it was in fact reduced to writing and submitted for signatures; it contained a space for signatures; and appellant actually refused to sign it.

For estoppel to apply, fraud must include more than the mere breach or violation of an oral agreement which is within the statute of frauds, otherwise the statute of frauds would be rendered vain and nugatory. *Crosby v. Strahan's Estate*, 78 Wyo. 302, 324 P.2d 492, 496 (1958).

Appellee is taken to have knowledge of that which the foregoing reflects, i.e., that the parties intended the understandings to be contained in a written instrument to be subscribed by them before the same became effective. Appellee, thus, cannot establish the first requirement for estoppel.

Inasmuch as the parties intended a written instrument be a condition precedent to making operational or effective any understandings reached by them at the settlement conference, no enforceable oral agreement was reached, and either party had a right to reconsider or repudiate the terms of such understandings prior to the execution of the written instrument by both parties. The statute of frauds had to be satisfied before there was an enforceable contract between the parties. There was no clear and convincing proof of fraud on the part of appellant which would estop her from invoking the statute of frauds.

The trial court's order adopting the settlement agreement is reversed and the case is remanded with directions to grant appellant's motion in limine and to proceed with the matter in the regular manner.