677 F.Supp. 622 (1988)
Earl DEFUR, Plaintiff,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant.
No. 87-1720C-(1).
United States District Court, E.D. Missouri, E.D.
January 26, 1988.
*623 Charles R. Abele, St. Louis, Mo., John Long, Sterling & Stanley, Fairview Heights, Ill., for plaintiff.
Michael B. Minton, John T. Walsh, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
By this diversity jurisdiction action, plaintiff Earl Defur seeks to recover his damages arising from defendant Westinghouse Electric Corp.'s breach of an alleged contract to purchase plaintiff's house and 40 acres in Casper, Wyoming. At the time the alleged contract was entered into, plaintiff was a resident of Wyoming employed by defendant in Wyoming. The matter is now before the Court on defendant's motion to dismiss on statute of frauds grounds.

Choice-of-Law
Defendant contends that the Missouri statute of frauds applies and bars plaintiff's action. Plaintiff contends that Wyoming law and the Wyoming statute of frauds apply and permit plaintiff's action.
Subject matter jurisdiction over plaintiff's action is based upon diversity of citizenship. See 28 U.S.C. § 1332. Thus, state substantive law applies, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and the choice-of-law rules of the forum state, here Missouri, determine which state's substantive law applies. *624 Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Further, in the absence of a controlling federal procedural rule or statute, forum state procedural rules generally will apply. Byrd v. Blue Ridge Rural Electric Co-op., 356 U.S. 525, 536, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958); 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4511 (1982).
Missouri applies Missouri law to determine whether law is procedural or substantive. Kennedy v. Dixon, 439 S.W.2d 173, 180 (Mo. banc 1969); Hansen v. Sears, Roebuck & Co., 574 F.Supp. 641, 643 (E.D. Mo.1983). If the law is substantive, Missouri applies the Restatement (Second) of Conflicts of Law to determine which state's substantive law applies. Kennedy v. Dixon, 439 S.W.2d 173, 181-186 (Mo. banc 1969) (torts); Brown v. Brown, 678 S.W.2d 831, 833 (Mo.App.1984) (contracts). If the law is procedural, Missouri applies Missouri procedural law, even if a foreign state's substantive law governs the underlying dispute. Kennedy, 439 S.W.2d at 180.
Under §§ 188 and 189, Restatement (Second) of Conflicts of Law (1971), it is clear that Wyoming substantive law governs the underlying dispute herein: the subject matter of the purported contract is land located in Wyoming, the contract would have been entered into in Wyoming with the place of performance in Wyoming, and plaintiff was a resident of Wyoming at the time of contracting. Thus, if Missouri considers the statute of frauds to be substantive law, then this Court will apply the Wyoming statute of frauds to the underlying dispute herein. In contrast, if Missouri considers the statute of frauds to be procedural, then this Court will apply the Missouri statute of frauds even though Wyoming substantive law governs the underlying dispute herein.
In Missouri, the statute of frauds is considered to be a rule of evidence. Campbell v. Sheraton Corp. of America, 363 Mo. 688, 253 S.W.2d 106, 109 (1952). However, no Missouri court has determined whether the statute of frauds is a "procedural rule of evidence" or a "substantive rule of evidence." Thus, this Court must determine what the highest Missouri state court would hold if it were called upon to decide the issue. Hazen v. Pasley, 768 F.2d 226, 228 (8th Cir.1985).
The prevailing view is that the statute of frauds, like the parol evidence rule, is a "substantive rule of evidence" for choice-of-law and Erie purposes. 19 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4512 at 195 (1982); see McInnis v. A.M.F., Inc., 765 F.2d 240, 245 (1st Cir.1985); Mohr v. Metro East Manufacturing Co., 711 F.2d 69, 72 (7th Cir. 1983); Larsen v. Erickson, 549 F.2d 1136, 1139 n. 7 (8th Cir.1977); Lehman v. Dow Jones & Co., Inc., 606 F.Supp. 1152, 1156 (S.D.N.Y.1985), aff'd in part and rev'd in part, 783 F.2d 285 (2nd Cir.1986) (circuit court approved of district court's application of state choice-of-law rule to determine which state's statute of frauds applied and thus implicitly agreed with district court's holding that the statute of frauds is substantive); Rioux v. Daniel International Corp., 582 F.Supp. 620, 625 (D.Me.1984); see also Charles Schmitt & Co. v. Barrett, 510 F.Supp. 726, 729 (E.D.Mo.1981) (assuming sub silentio that Missouri statute of frauds is substantive); Tenna Mfg. Co. v. Columbia Union National Bank, 484 F.Supp. 1214 (W.D.Mo.1980). Contra Morris v. LTV Corp., 725 F.2d 1024, 1027-28 (5th Cir.1984).
This Court believes that a Missouri court, if called upon to decide the issue, would follow the prevailing view and would hold that the statute of frauds is substantive for choice-of-law purposes. Therefore, applying §§ 188 and 189, Restatement (Second) of Conflicts of Law, this Court concludes that the Wyoming statute of frauds, and not the Missouri statute of frauds, applies to the dispute herein.

Wyoming Statute of Frauds
Plaintiff contends that plaintiff and defendant entered into a contract for defendant to purchase plaintiff's house and 40 acres. The Wyoming statute of frauds provides in pertinent part:

*625 (a) In the following cases every agreement shall be void unless such agreement, or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith:
* * * * * *
(v) Every agreement or contract for the sale of real estate, or the lease thereof, for more than one (1) year;
Wyoming Statutes, § 1-23-105. Plaintiff contends that a series of writings signed by defendant construed together satisfy the requirements of the statute of frauds. Plaintiff further contends that, to the extent those writings do not satisfy the requirements of the statute of frauds, plaintiff can invoke equitable or promissory estoppel to avoid the operation of the statute of frauds because plaintiff detrimentally relied upon an oral promise by defendant to purchase plaintiff's property.

1. Satisfaction of the Requirements of the Statute of Frauds.
The writings needed to satisfy the statute of frauds may consist of several related signed writings connected to each other and to the subject matter of the transaction. Laramie Printing Trustees v. Krueger, 437 P.2d 856 (Wyo.1968). The relationship and connection between separate signed writings must appear on the face of the writings in order for them to be considered together as a whole and as evidence of a contract. Bereman v. Bereman, 645 P.2d 1155 (Wyo.1982).
In 1985, defendant Westinghouse Electric Corp. employed plaintiff Earl Defur in Casper, Wyoming. At that time, defendant had a "Relocation Policy for Transferred Employees" which contained a "Home Sale Program" provision for employees transferred at the request of defendant. The Program provided that eligible employees (i.e., those transferred at the request of defendant) "will receive the appraised fair market value" for their homes from defendant through its agent. (Relocation Policy, p. 4, ¶ D.2.b). However, the Program was limited to houses where "the house lot is not more than 25 acres or the typical size of residential properties in the neighborhood in which the house is located." (Relocation Policy, p. 4, ¶ D.1). The Program also contained procedures for obtaining the appraised value of the employees' home. In February, 1985, defendant requested that plaintiff transfer from Wyoming to St. Louis, Missouri. Plaintiff owned a house in Casper located on 40 acres of land. Pursuant to the Program, plaintiff's property was appraised at $107,500 in value.
The Relocation Policy/Home Sale Program has defendant's name printed on every page and thus clearly constitutes a writing signed by defendant. Further, this signed writing reasonably could be construed to contain a promise by defendant to purchase eligible employees' homes for their appraised value if the homes satisfy the lot size condition.
In addition to the Relocation Policy, plaintiff has submitted various other documents which either have defendant's name printed on them or defendant's trademark (a big "W") printed on them. These writings constitute writings signed by defendant. These writings clearly identify the property to be purchase by defendant pursuant to its Relocation Policy as "12275 Garbutt Road, Natrona County, Casper, Wyoming 82604."
The relationship and connection between all the separate writings is clear on their faces. Further, the writings all relate to the purchase by defendant of plaintiff's property pursuant to defendant's Relocation Policy. The Court concludes that the Relocation Policy construed together with the other writings could constitute a written contract between plaintiff and defendant satisfying the statute of frauds pursuant to which defendant agreed to purchase plaintiff's house and 40 acres in Casper, Wyoming, for its appraised value if the property satisfies the lot size condition contained in defendant's Relocation Policy. (Thus, in order to recover for breach of this contract, plaintiff will have to prove that his house and 40 acres is "the typical size of a residential property in the neighborhood in which the house is located.")
For the foregoing reasons, defendant's motion to dismiss on statute of frauds grounds is denied.

*626 2. Equitable or Promissory Estoppel.
In Wyoming, the principle of equitable or promissory estoppel can avoid the operation of the statute of frauds. Turner v. Floyd C. Reno & Sons, Inc., 696 P.2d 76, 77-79 (Wyo.1985); Kincheloe v. Milatzo, 678 P.2d 855, 859-861 (Wyo.1984); Remilong v. Crolla, 576 P.2d 461, 463-465 (Wyo.1978). In order for equitable or promissory estoppel to apply, the plaintiff must establish more than a mere breach of an oral agreement which is within the statute of frauds. Turner, 696 P.2d at 79. Rather, the plaintiff must establish the elements of a fraud, Turner, 696 P.2d at 77, Kincheloe, 678 P.2d at 862; Remilong, 576 P.2d at 465, and thus must plead and prove detrimental reliance upon fraudulent misrepresentations. Kincheloe, 678 P.2d at 862; see Turner, 696 P.2d at 77. Further, that fraud must be established by clear and convincing evidence. Kincheloe, 678 P.2d at 862.
In the instant case, plaintiff alleges that: Defendant, through its agents, made an unequivocal oral promise to plaintiff that defendant would purchase plaintiff's house and 40 acres, (Complaint, ¶ 9); and Plaintiff relied upon defendant's oral promise by accepting the transfer to St. Louis and by purchasing a house in Illinois, (Complaint, ¶ 10). Thus, in substance, plaintiff alleges detrimental reliance upon defendant's oral promise to purchase plaintiff's property. Clearly, plaintiff does not allege a fraudulent misrepresentation, does not allege detrimental reliance upon a fraudulent misrepresentation, and thus does not plead the elements of a fraud. Plaintiff's allegation  detrimental reliance upon an oral promise  is insufficient to invoke equitable or promissory estoppel. Therefore, to the extent that the contract between plaintiff and defendant does not satisfy the statute of frauds, plaintiff cannot avoid the operation of the statute of frauds through equitable or promissory estoppel.