An appropriate order will accompany this Memorandum.

### MEMORANDUM AND ORDER

This matter is before the Court on defendants' supplemental motion to amend or alter the judgment/verdict. Plaintiff Gregory Franz has not filed a response in opposition to the motion.

On September 18, 1996, the Court reduced plaintiff's jury award on the age discrimination claim to $109,179.80, finding that the plaintiff was entitled to recover $54,589.90 in back wages and insurance benefits multiplied by 2 (*i.e.*, double damages due to willful violation of the ADEA). The Court also reduced plaintiff's jury award on the ADA disability claim to $150,687.66, finding that the plaintiff was entitled to recover $100,000 in compensatory damages and $50,687.66 in backpay. Defendants now seek to further reduce the plaintiff's jury award on the ADA disability claim with respect to back pay.

 Plaintiff cannot recover back pay damages under both the ADEA and ADA. *Washburn v. Kansas City Life Ins. Co.*, 831 F.2d 1404, 1410–11 (8th Cir.1987) (plaintiff is not entitled to the same damages under alternate legal theories). Accordingly, the Court will reduce the plaintiff's jury award on the ADA disability claim to $100,000.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' supplemental motion to alter or amend the judgment/verdict is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment entered on September 18, 1996 is amended as follows:

**IT IS HEREBY ORDERED AND ADJUDGED** that judgment is entered in favor of plaintiff Gregory Franz and against defendants in the amount of $109,179.80 on plaintiff's age discrimination claim and $100,000 on plaintiff's ADA disability discrimination claim.

Marie **SIMUNDSON, individually and as personal representative of the estate of Ronald Simundson, deceased, Plaintiff,**

v.

**UNITED COASTAL INSURANCE COMPANY, and Allied Mutual Insurance Company, Defendants.**

**Civil No. A2–95–109.**

United States District Court, D. North Dakota, Northeastern Division.

Jan. 13, 1997.

Patrick R. Morley, Morley, Morley & Light, Ltd., Grand Forks, ND, for Marie Simundson.

Scott D. Jensen, Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, ND, for United Coastal Ins. Co.

Paul R. Oppegard, Moorhead, MN, for Allied Mut. Ins. Co.

### ORDER

WEBB, Chief Judge.

Before the court is defendant United Coastal Insurance Company's motion for summary judgment (doc. # 19). Plaintiff opposes the motion and also moves for summary judgment in her favor (doc. # 22).

### BACKGROUND

This action arises from a mishap that occurred on July 23, 1991, when Ronald Simundson fell through a floor opening at the Missile Site Control Building (MSCB) at the Stanley R. Mickelson Safeguard Complex, Nekoma, North Dakota. Mr. Simundson eventually died from the injuries he sustained as a result of the fall. Plaintiff commenced this wrongful death action, naming Environmental Protection Inspection & Consulting, Inc. (hereinafter "EPIC"), and Buford Faust and George Moe d/b/a George's Used Equipment as defendants.

On or about August 2, 1993, EPIC tendered its defense of the action to United Coastal Insurance Company (hereinafter "United Coastal"). Upon review of the claim and the facts, United Coastal declined the tender and asserted that it had no policies written for EPIC providing coverage for the wrongful death claim. Subsequently, plaintiff entered into a "Miller/Shugart" settlement agreement with EPIC whereby EPIC confessed judgment on condition that recovery be sought only from available insurance coverage. *See Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982). The plaintiff then sued United Coastal seeking relief from insurance coverage. Both parties now move for summary judgment.

### SUMMARY JUDGMENT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is improper if the court finds a genuine issue of material fact; however, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion. *Vacca v. Viacom Broadcasting of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir.1989). "Summary judgment 'should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" *Id.* (quot-

ing *Snell v. United States,* 680 F.2d 545, 547 (8th Cir.,) *cert. denied,* 459 U.S. 989, 103 S.Ct. 344, 74 L.Ed.2d 384 (1982)).

### DISCUSSION

United Coastal moves for summary judgment arguing that no coverage was provided under the "claims made" policy purchased by EPIC because a claim for the plaintiff's injuries was not presented within the stated coverage period. In response, the plaintiff moves for summary judgment in her favor arguing that coverage was available under the United Coastal policy. The plaintiff does not dispute the fact that the policy United Coastal issued to EPIC was a "claims made" policy, covering claims made from August 7, 1990 to August 7, 1991. Nor does the plaintiff dispute the fact that a claim was made to United Coastal for the plaintiff's injuries on or about August 2, 1993, approximately two years after the end of the coverage period. The plaintiff argues, however, that coverage should be available because United Coastal suffered no actual prejudice from the delay, and it would be against public policy not to find that coverage was available.

▮▮▮▮ There are two major types of liability insurance policies: "occurrence" type policies and "claims made" policies. *See Employers Reinsurance Corp. v. Landmark,* 547 N.W.2d 527, 531 (N.D.1996). The difference between the two types of policies is significant. "Occurrence" type policies obligate an insurer to pay or defend claims, whenever made, resulting from an accident that occurred during the period the policy was in effect. *See Hartford Fire Insurance Co. v. California,* 509 U.S. 764, 770–71, 113 S.Ct. 2891, 2896, 125 L.Ed.2d 612 (1993). "Claims made" policies, on the other hand, obligate the insurer to pay or defend only those claims made during the policy period, thus making the presentation of a claim to the insurer the most important characteristic. *See id.; Landmark,* 547 N.W.2d at 531; *Esmailzadeh v. Johnson and Speakman,* 869 F.2d 422 (8th Cir.1989) (applying Minnesota law). In this case, it is undisputed that United Coastal issued a "claims made" policy to EPIC. *See* Defendant's Exhibit 1, at 1.

▮▮▮▮ The plaintiff argues that United Coastal should have to provide coverage under its "claims made" policy for the tardy claim because it has not suffered any actual prejudice from the delay. The court recognizes that "occurrence" type polices are subject to the general rule that insurers cannot refuse coverage because of untimely notice of a claim unless the insurer has also suffered actual prejudice as a result. *See Landmark,* 547 N.W.2d at 532–33; *Esmailzadeh,* 869 F.2d at 424. The court further notes that the question of whether the actual prejudice rule applies equally to "claims made" policies has not been decided under North Dakota law. It is this court's duty in a diversity case not to "formulate the legal mind of the state, but merely to ascertain and apply it." *Farmer's Union Cent. Exchange, Inc. v. Reliance Ins. Co.,* 675 F.Supp. 1534, 1536 (D.N.D.1987) (citing *Stratioti v. Bick,* 704 F.2d 1052, 1054 (8th Cir.1983)). Therefore, "[w]here neither the legislature nor the highest court in a state has addressed an issue, [this court] must determine what the highest state court would probably hold were it called upon to decide the issue." *Id.* (citing *Hazen v. Pasley,* 768 F.2d 226, 228 (8th. Cir.1985)).

In this court's opinion, to require an insurer to suffer actual prejudice from a tardy notice of claim before denying coverage under a "claims made" policy would be changing the very nature of the policy. " 'Claims made' ... coverage was designed to limit, and therefore to more accurately predict, a carrier's risk and exposure." *Kief Farmers Co-op. Elevator v. Farmland,* 534 N.W.2d 28, 36 (N.D.1995). Whether the policy is of the "claims made" or "occurrence" variety is a material aspect of the contract between the parties. Such a rule would in effect treat a "claims made" policy as an "occurrence" type policy, presumably a more expensive policy that was not bargained for. Therefore, this court finds that the North Dakota Supreme Court, if faced with the issue, would find in accordance with the majority of other courts that the actual prejudice rule does not apply to "claims made" insurance policies. *See, e.g., T.H.E. Insurance Co. v. P.T.P. Inc.,* 331 Md. 406, 628 A.2d 223, 228 (Ct.App.1993). Because it is undisputed in this case that no

claim was presented to United Coastal for the plaintiff's injuries until almost two years after the end of the stated coverage period, no coverage was available for the plaintiff's injuries.

### CONCLUSION

Defendant United Coastal's motion for summary judgment (doc. # 19) is hereby **GRANTED,** and plaintiff's cross-motion for summary judgment (doc. # 22) is **DENIED.** Plaintiff's cause of action against United Coastal is hereby **DISMISSED.**

**IT IS SO ORDERED.**