EASTERN ENERGY, INC. and Eastern Securities, Inc., Plaintiffs–Appellants,

v.

UNICO OIL & GAS, INC., et al., Defendants,

SBY Partnership and Edsel Burkhart, Defendants–Appellees.

No. 88–1105

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 27, 1988.

Morris C. Gore, Dallas, Tex., for plaintiffs-appellants.

J. Truscott Jones, Dallas, Tex., for SBY Prtn. & Burkhardt.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

Eastern Energy, Inc., and its sister corporation, Eastern Securities Inc., (collectively Eastern) appeal from a district court judgment dismissing, with prejudice, their claims against Appellees. We find the Appellee failed to show that the settlement agreement constituted an accord and satisfaction and thus the district court erred in dismissing Eastern's claims with prejudice. The judgment of the district court is, therefore, modified to dismiss Eastern's claims without prejudice.

The facts giving rise to the lawsuit involved disputes over obligations and rights arising from various leases. Shortly after the federal suit was filed, SBY and Burkhart filed suit against Eastern in the 361st District Court of Brazos County, Texas. SBY sought and obtained a temporary restraining order (TRO), precluding Eastern Energy from drilling a well on "Christopher No. 1," one of the five disputed leases. SBY later filed an amended petition seeking a temporary injunction precluding Eastern Energy from drilling on another of the leased tracts known as "Burkhart No. 4." The temporary injunction was granted. A settlement agreement intended to resolve all disputes with regard to the con-

struction of roads on the Burkhart ranch was then reached. Paragraph 4 of that settlement agreement stated "[u]pon execution of this agreement, Lessee will dismiss with prejudice all causes of action against EDSEL J. BURKHART and SBY PARTNERSHIP from Cause No. 3–87–2283–R, styled EASTERN ENERGY, INC., et al v. UNICO OIL & GAS, INC., et al, now pending in the United State District Court for the Northern District of Texas." The settlement agreement was signed by SBY and Eastern Energy and is dated October 14, 1987.

On November 12, 1987, Eastern Energy and Eastern Securities, having retained a new lawyer, filed a motion in the federal district court requesting that their RICO claims be dismissed without prejudice. Counsel's plan was to pursue the claims in state court. The district court dismissed the entire cause without prejudice. The following day SBY and Burkhart filed a motion seeking to dismiss with prejudice Eastern's claims and a motion to enforce the settlement agreement. Their motions include a copy of the settlement agreement. The district court, without holding a hearing, amended its order to dismiss the case with prejudice as to SBY and Burkhart.

Eastern Energy filed a motion for reconsideration of the amended order. The district court denied the motion for reconsideration and Eastern filed a timely notice of appeal. Eastern has since dismissed its appeal as to all parties except Burkhart and SBY.

■ Eastern asserts that the district court erred in relying on the settlement agreement in dismissing the action with prejudice because the district court did not have any evidence before it that SBY and Burkhart had performed their obligations under the settlement agreement. "Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally," *Lockette v. Greyhound Lines, Inc.,* 817 F.2d 1182,

1185 (5th Cir.1987) (quoting *Lee v. Hunt,* 631 F.2d 1171, 1173–74 (5th Cir. Unit A December 1980), *cert. denied,* 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981)). Thus, while the district court had the authority to enforce the settlement agreement, it had to look to Texas law to determine the validity and effect of the settlement agreement. Under Texas law, the interpretation of a settlement agreement is a legal question for the court, unless there is an ambiguity or unless surrounding facts demonstrate the existence of a factual issue as to agreement. *Browning v. Holloway,* 620 S.W.2d 611, 615 (Tex.Civ.App. 1981—Dallas, writ ref'd, n.r.e. 626 S.W.2d 485).

■ Under Texas law, unless the settlement agreement operates as an accord and satisfaction, substituting enforcement of the agreement as the sole remedy available, Eastern has the choice of enforcing the settlement agreement or suing upon the underlying causes of action. *Id.* at 616–17. Whether an agreement constitutes an accord and satisfaction depends upon whether the agreement "was intended not merely to displace the underlying cause of action until performance on the accord ... [is] tendered, but to discharge it entirely and substitute the new obligations imposed by the agreement." *Id.* at 616. Absent a finding that a settlement agreement constitutes an accord and satisfaction, enforcement of the agreement requires that the aggrieved party plead the existence of the agreement and prove that it has complied with its obligations under the agreement. *Id.* at 615.

■ In this case the district court did not state that the settlement agreement should be treated as an accord and satisfaction. Therefore SBY was not entitled to enforce the agreement unless it plead the existence of the agreement and its compliance with its duties under the agreement.

Here, in support of its motion, SBY properly pleaded that the settlement agreement required dismissal of Eastern's action with prejudice, but because Eastern did not get an opportunity to oppose the motion, the proof element has not been satisfied. SBY

was not, therefore, entitled to enforce the settlement agreement. Thus the district court erred in dismissing Eastern's claims with prejudice. The judgment of the district court is modified, therefore, to DISMISS these claims without prejudice and AFFIRMED as MODIFIED.