Kathleen BROCKMAN, Plaintiff,

v.

SWEETWATER COUNTY SCHOOL DISTRICT NO. 1, Defendant.

No. 91–CV–218–J.

United States District Court,
D. Wyoming.

June 9, 1993.

Henry F. Bailey, Jr., Bailey, Pickering & Stock, Cheyenne, WY, for plaintiff.

Kathleen Brockman, pro se.

Thomas A. Nicholas, Hirst & Applegate, Cheyenne, WY, for defendant.

## ORDER ENFORCING COMPROMISE AGREEMENT

ALAN B. JOHNSON, Chief Judge.

This matter comes before the Court on defendant's Motion to Enforce Settlement or in the Alternative to Allow Defendant to Amend its Answer, filed February 11, 1993. A hearing was held on April 20, 1993, and for reasons stated below, the Court finds that an enforceable compromise agreement exists.

### I. BACKGROUND

The plaintiff in this matter is Kathleen Brockman, formerly a school teacher employed by the defendant. Defendant Sweetwater County School District No. 1 is a unified school district organized and existing under the laws of the State of Wyoming. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343, together with principles of pendent jurisdiction.

This case arises out of the school district's decision to terminate the plaintiff's employment on July 3, 1990. The plaintiff alleges that she was unlawfully terminated. She asserts claims of violations of constitutional rights under 42 U.S.C. § 1983, breach of contract, and breach of the covenant of good faith and fair dealing.

The school district generally denies the plaintiff's claims and affirmatively alleges good faith, lack of contract, lack of consideration, immunity, failure to exhaust remedies, failure to mitigate damages, and good cause.

A settlement conference occurred before the Magistrate Judge on September 8, 1992. The transcript of the settlement conference indicates that an oral compromise was agreed to by the parties. At the conference,

it was understood that the oral compromise would be reduced to writing at a later date. However, it now appears that the plaintiff has refused to sign the written compromise and maintains that she may proceed to prosecute her case.

The plaintiff concedes that the school district has tendered performance according to the oral compromise. However, the plaintiff asserts that certain letters of recommendation that were to be provided to her by members of the school board are not satisfactory to her. Therefore, the plaintiff wishes to proceed with litigation. The school district's position is that the plaintiff is in breach of the oral compromise agreement entered into before the Magistrate Judge. The plaintiff's position is that she is not yet bound by any agreement. For reasons stated below, the Court finds that an enforceable compromise agreement exists.

## II. STANDARD OF REVIEW

■ The issue of whether there is a disputed issue of material fact as to the existence and validity of a settlement agreement is similar to that which a court addresses when ruling on a motion for summary judgment. *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3rd Cir.1991). Therefore, a similar standard of review is applied. Summary enforcement is available only if there is no genuine issue of material fact and the moving party is entitled to enforcement as a matter of law. *See* Fed.R.Civ.P. 56(c). The moving party has the burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party's burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether these burdens have been met, the court is required to examine all evidence in the light most favorable to the non-moving party. *Barber v. General Electric Co.*, 648 F.2d 1272 (10th Cir.1981).

Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. That party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Manders v. Oklahoma ex rel. Dept. of Mental Health*, 875 F.2d 263, 265 (10th Cir.1989) citing *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54.

## III. JURISDICTION TO ENFORCE SETTLEMENT

■ It is an inherent power of this Court to enforce agreements entered into in settlement of litigation. *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir.1988). Federal courts have the intrinsic authority and equitable power to enforce compromise agreements entered into before them, even where such agreements have not been reduced to writing. *Bogwater North America Corp. v. Murray Machinery*, 773 F.2d 71, 77 (6th Cir.1985).

## IV. NATURE OF THE PROCEEDING

In a situation similar to the one here, where a defendant sought to block plaintiff's continuation of an original action by asking the court to specifically enforce a compromise agreement that the plaintiff refused to carry out, the First Circuit stated:

Specific performance is an equitable proceeding. Moreover, the agreement sought to be enforced arose out of negotiations between attorneys in the midst of a trial. A judge seems better suited to assess the reasonableness of the parties' conduct under all the circumstances. We hold it within the authority of a judge sitting without jury to make the necessary findings of fact and rulings.

*Warner v. Rossignol*, 513 F.2d 678, 683–684 (1st Cir.1975).

In tandem with the Court's inherent power to enforce settlement agreements is the authority to enter judgment on the compromise without engaging in a plenary hearing. *Petty v. Timken Corp.*, 849 F.2d 130, 132 (4th Cir.1988).

■ Usually, where material facts regarding the existence or terms of a compro-

mise agreement are in dispute, an evidentiary hearing should be held. *U.S. v. Hardage*, 982 F.2d 1491, 1496 (10th Cir.1993). However, this is not an ironclad rule. *Id.* Because the oral compromise in the instant case is clearly and unambiguously reflected on the transcript of the settlement conference, no genuine issue of material fact exists either as to the existence of the compromise agreement or as to the terms of the compromise. Therefore, a "full blown" evidentiary hearing is not warranted. In this instance, it is proper to exercise our power to summarily enforce the settlement agreement that was entered into on the record by the present litigants. *Id.* We find that the transcript of the settlement conference provides sufficient factual development to approve the compromise agreement.

## V. DISCUSSION

■■■■ This Court strongly endorses compromise and settlement because it saves the parties time and money; it conserves the limited resources of the Court; it promotes the swift resolution of controversies; and it negates the prospect of lengthy appeals.[1] Wyoming law also favors settlement of controversies. *Peters Grazing Association v. Legerski*, 544 P.2d 449, 456 (Wyo.1976). For the purposes of this discussion, the term "compromise" denotes an agreement to terminate a claim by means of mutual concessions; whereas the term "settlement" denotes the fulfillment of the conditions or promises of the compromise. *See* 15A Am. Jur.2d *Compromise and Settlement* § 1 (1976).

■■■ Two well-defined considerations are involved when addressing the enforcement of a compromise agreement: 1) the Court must ascertain whether the parties have entered into an agreement to settle the case; and 2) the Court must discern the terms of that agreement. *Moore v. Beaufort County, N.C.*, 936 F.2d 159, 162 (4th Cir.1991).

The school district maintains that an enforceable oral compromise agreement was entered into on the record at the settlement conference. Conversely, the plaintiff asserts

that the parties merely evidenced an intention to come to an agreement at some future date. A compromise agreement is simply a kind of a contract and the question of whether a valid compromise was entered into is governed by the law of Wyoming, the state where the compromise was made. *Applied Genetics v. First Affiliated Securities*, 912 F.2d 1238 (10th Cir.1990) (applying Wyoming law in interpreting a compromise agreement); *Hoops v. Watermelon City Trucking, Inc.*, 846 F.2d 637 (10th Cir.1988) (applying Oklahoma law in interpreting a compromise agreement); 15A Am.Jur.2d *Compromise and Settlement* § 1.

■■■■ As a contract, a valid compromise requires an offer and acceptance, consideration, and parties who have the capacity and authority to agree to settle the case. *Kinnison v. Kinnison*, 627 P.2d 594 (Wyo.1981); 15A Am.Jur.2d *Compromise and Settlement* § 1. The transcript of the settlement conference held before Magistrate Beaman clearly establishes that all of the requirements for a valid compromise have been met. The record explicitly reflects that after lengthy negotiation, a "resolution of this matter [had] been agreed upon by the parties." Transcript of Settlement Proceedings at 3. In exchange for certain concessions on the part of the school district, detailed below, the plaintiff agreed to refrain from bringing suit against the school district. The settlement of a claim, even a doubtful claim, if made fairly and in good faith, is sufficient consideration for a compromise based thereon. *Peters*, 544 P.2d at 456.

Wyoming utilizes an objective theory of contract formation. *McDonald v. Mobil Coal Producing, Inc.*, 820 P.2d 986 (Wyo. 1991). Kathleen Brockman claims that regardless of what was said before this Court at the settlement conference, it was not her subjective intent to enter into a binding contract. However, the existence of a contract does not turn upon the subjective intent of the parties; it turns upon the parties' outward objective manifestations of contractual intent. *Id.* In this instance, the objective intent of the parties has been preserved, word for word, on the transcript of the settle-

---

1. Settlement conferences are encouraged under our local rules, *see* U.S.D.C.L.R. 101.

ment conference. The transcript clearly establishes that the requisite contractual intent existed.

■ The plaintiff asserts that the compromise is not enforceable because it was never reduced to writing. This argument is not persuasive. Wyoming law holds that an oral agreement to make a written compromise, where the terms are mutually understood and agreed upon in all respects, is as binding as the written compromise would have been, had it been executed. *Wyoming Sawmills, Inc. v. Morris,* 756 P.2d 774, 776 (Wyo.1988) (affirming the trial court's determination that a binding oral compromise agreement had been reached on all material terms).

The transcript of the settlement conference establishes that the material terms of the compromise were established and mutually understood. Those terms are as follows:

1) The school district will pay $35,000 to the plaintiff to be put into her State retirement fund;

2) The school district will pay $32,000 in cash to the plaintiff;

3) The school district will purchase an annuity for plaintiff which would pay her $500 per month for a period of 20 years or life, whichever is greater, to start on November 1, 1992;

4) Plaintiff may, within two years of the signing of the settlement papers, opt into the school district's health insurance plan under the same terms as retirees;

5) The school district will provide letters of recommendation from Don Baumberger, Norma Stensaas, Kitty Smith, Mary Hay, Bill Schoonmaker, James Etherington, and Gerald Wolfe, which explain plaintiff's positive teaching abilities and qualifications as a teacher;

6) The school district will expunge plaintiff's personnel file of all negative information currently contained therein, and that the file would reflect that the plaintiff was not terminated, but instead resigned;

7) The school district, at a regular meeting, will rehire plaintiff after receipt of a written letter of resignation from plaintiff, which would then allow plaintiff to state that she had resigned from her last employment and was not terminated;

8) The school district will respond to calls from potential employers in accordance with the information in the plaintiff's purged personnel file;

9) The settlement agreement will be held confidential except as necessary for future employers; and

10) Kathleen Brockman will drop her allegation that she was unlawfully terminated, and she will refrain from asserting her claims of 42 U.S.C. § 1983 violations, breach of contract, and breach of the covenant of good faith and fair dealing against the defendant.

Transcript of Settlement Proceedings at 3–8. The transcript reflects that the terms were mutually understood and agreed upon in all respects. Therefore, the oral compromise entered into before this Court is as binding as the written compromise would have been, had it been executed. *Wyoming Sawmills,* 756 P.2d at 776.

■ The plaintiff's argument that the contract is unenforceable because it was never reduced to writing raises another concern for this Court. That concern is that the compromise may be within the ambit of the Wyoming statute of frauds. Wyo.Stat. § 1–23–105.[2] A compromise must be in writing if the subject matter of the compromise is within the statute of frauds. *Massion v. Mt. Sinai,* 40 Wyo. 297, 302–3, 276 P. 930 (1929); 15A Am.Jur.2d *Compromise and Settlement* § 7.

An agreement that is not to be performed within one year from the making thereof shall be void unless such agreement, or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith. Wyo.Stat. § 1–23–105 (1977).

---

**2.** On February 3, 1993, this Court granted the attorneys for the plaintiff leave to withdraw as attorneys of record, recognizing that the attorney-client relationship had deteriorated to such an extent that continued cooperation and repre-

sentation was impossible. Because the plaintiff is now representing herself *pro se,* we liberally construe her argument with regard to the lack of a written contract to encompass a statute of frauds aspect.

Arguably, the instant compromise, by its terms, is not capable of being performed within one year of its making. The plaintiff's covenant under the compromise agreement is to refrain from bringing suit against the school district. The compromise agreement was made on September 9, 1992. The plaintiff's cause of action arose on July 3, 1990. By law, her civil rights suit might be brought any time within four years of July 3, 1990 to enforce her civil rights claim.[3] Her breach of contract suit might be brought any time within 8 years of July 3, 1990. Wyo.Stat. § 1–3–105 (1977). Therefore, it is clear that more than a year must elapse before the plaintiff's promise to refrain from commencing suit is fulfilled. *See Massion,* 40 Wyo. at 304, 276 P. 930.

Nevertheless, this Court finds that the oral compromise is. not within the ambit of the statute of frauds and is an enforceable contract. The *Massion* case is distinguishable from the instant case. The *Massion* case involved a mere oral compromise agreement; conversely, the instant case involves an oral compromise agreement **entered into before the Magistrate Judge of this Court.** The instant oral compromise exists on the record of the settlement conference.

▇▇ Wyoming law recognizes that it may be necessary for a court to equitably uphold an oral agreement in order to accomplish the purposes of the statute of frauds, e.g. to evade deceit and to uphold what justice and good conscience demand. *Remilong v. Crolla,* 576 P.2d 461, 464 (Wyo.1978). When parties come to an agreement, on the record, before this Court, justice and good conscience demand that the agreement be enforced. To hold otherwise would be to make a mockery of the statute of frauds.

▇▇ The statute of frauds was enacted for important reasons. The statute prevents oral contracts from being vouched for by dubious parol evidence at some future

date. *Massion,* 40 Wyo. at 303, 276 P. 930. The policy behind the statute is that, with regard to the kinds of contracts covered by the statute, nothing should be left to the frailty of human memory or as a temptation to perjury. *Remilong,* 576 P.2d at 464. To hold the instant compromise void would not serve to accomplish the purposes of the statute. The fact remains that the terms of the compromise agreement are on the transcript of the settlement hearing *verbatim.* The Court need not rely on parol evidence or human memory in determining the existence and terms of this compromise; instead the Court need merely refer to the transcript of the settlement conference, which clearly establishes that a compromise was entered into.

Litigants will not be allowed to play fast and loose with this Court. The Court will not suffer a litigant to enter into an oral compromise on the record, and then at a later date repudiate that compromise by claiming that it never occurred or by invoking the statute of frauds. The Court finds that an enforceable compromise agreement exists. The plaintiff has not shown any reason why the Court should not enforce the contract. The plaintiff has not shown any reason why the contract should be rescinded. Therefore, we will hold her to the terms of the contract. So long as the school district acceptably performs its duties under the compromise, the plaintiff will be required to refrain from asserting her claims against the school district.

Should the plaintiff be dissatisfied with the school district's performance under the compromise agreement, her remedies will sound in contract, whether they be for damages, rescission, specific performance or some other contract remedy.

Because the Court finds that an enforceable compromise agreement exists, it is ap-

---

**3.** The United States Supreme Court has ruled that all section 1983 claims should be characterized as personal injury actions for state statute of limitations purposes. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The applicable state statute prescribes a four year period for such actions. Wyo.Stat. § 1–3–105 (1977). We hold that the two-year Wyoming

statute applicable to actions seeking to impose liability based on a federal statute will not be applied in this case because it is hostile to section 1983 causes of action. We rely on the reasoning in *Wyo. Laborers Health & Wel.PL. v. Morgen & Oswood,* 850 F.2d 613, 619–20 (10th Cir.1988), to support our finding of hostility.

propriate to exercise our intrinsic authority and equitable power to enforce that agreement. *Eastern Energy, Inc.,* 861 F.2d 1379, 1380; *Bogwater,* 773 F.2d 71, 77.

Therefore, the Court having considered the arguments, materials, and being fully advised in the premises orders as follows:

IT IS ORDERED that the defendant Sweetwater County School District No. 1 SHALL IMMEDIATELY pay over to the Court on behalf of the plaintiff the sum of $35,000 to be placed into the plaintiff's State retirement fund;

IT IS ORDERED that the defendant Sweetwater County School District No. 1 SHALL IMMEDIATELY pay over to the Court on behalf of the plaintiff the sum of $32,000 to be paid directly to the plaintiff;

IT IS ORDERED that the defendant Sweetwater County School District No. 1 SHALL IMMEDIATELY turn over to the Court an annuity for the plaintiff which will pay her $500 per month for a period of 20 years or life, whichever is greater, starting November 1, 1992;

IT IS ORDERED that the defendant Sweetwater County School District No. 1 SHALL IMMEDIATELY provide the Court with copies of the letters of recommendation referenced to above;

IT IS ORDERED that the defendant Sweetwater County School District No. 1 SHALL otherwise comply with the terms of the compromise agreement as detailed above;

IT IS ORDERED that the plaintiff Kathleen Brockman should be and is ENJOINED from pursuing further litigation against the defendant, said injunction to become permanent upon compliance with the above Orders;

IT IS ORDERED that the plaintiff Kathleen Brockman SHALL otherwise comply with the terms of the compromise agreement as detailed above.