74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Plaintiff-Appellant,
v.
STATE of Oklahoma, ex rel; County of Creek, Defendants-Appellees.
 No. 95-6387.
(D.C.No. CIV-94-1783-T)
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert E. Cotner (Cotner), a prisoner of the State of Oklahoma, appearing pro se and in forma pauperis, appeals from the district court's order adopting in full the Recommendation of the United States Magistrate Judge in dismissing Cotner's 42 U.S.C.1983 civil rights complaint and denying Cotner's motion for appointment of counsel.
 
 
 3
 Cotner filed an amended complaint alleging that the State of Oklahoma, Creek County Oklahoma, a deputy sheriff, and two assistant district attorneys, violated his due process rights. He further alleged that his conviction violated the prohibition against double jeopardy, and that neither his appeal nor his state habeas proceedings were fairly decided. In addition, Cotner alleged violations of the Religious Freedom Restoration Act and that Oklahoma's Tort Claims Act is unconstitutional. The Magistrate Judge recommended that Cotner's amended complaint be dismissed as frivolous and that Cotner's motion for appointment of counsel be denied because his claims are without merit. Cotner filed an objection thereto. The genesis of Cotner's complaint revolves around a 1991 and 1992 alleged wrongful search and seizure of his property, his alleged illegal arrest, and a conspiracy to falsely convict him of criminal charges.
 
 
 4
 On appeal, Cotner, in a rambling, incoherent Supplemental Brief, contends that the district court's order of dismissal should be set aside and that his case should be set for "... a full evidentiary hearing, or set this matter for trial before a jury without delay, OR IN THE ALTERNATIVE, issue corrective INJUNCTIVE orders to the State, with set dates to comply." (Supplemental Brief of Petitioner, p. 5). In summary fashion, Cotner contends that "The State of Okla., through a conspiracy of events and concerted acts of its agents, agencies, courts and legislative acts" has (1) unconstitutionally suspended all rights to habeas corpus, (2) unconstitutionally suspended all statutory rights to appeal a conviction, (3) unconstitutionally passed laws the state legislature is constitutionally prohibited from passing, that have the force and effect of law that is ex post facto upon Okla. State Constitutional Amendment 7 4, and title 12 1333, and (4) violated petitioner's constitutional rights to due process in his attempts to file and litigate habeas petitions. Id. at p. 1.
 
 
 5
 In our Order and Judgment in the case case entitled Cotner v. Michael Cody, et al., No. 93-5181 (February 7, 1994), on page 2 we observed:
 
 
 6
 Robert E. Cotner is another of the prodigious pro se filers who regularly inundate this and the federal district courts with repetitive and largely frivolous filings See Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). The appeal with which we deal is whether the District Court for the Northern District of Oklahoma properly restricted Mr. Cotner from filing further pleadings in this case. That order allowed Cotner to file only in response to a motion by the respondent or upon order of the court.
 
 
 7
 "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted). "[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth." Id. In this case, the district court's order does not contain the ordinarily required recitation of frivolous filings, id., but Mr. Cotner's litigious proclivities are so well known we cannot hold the district court was at fault.
 
 
 8
 We affirm the district court substantially for the reasons set forth in the Report and Recommendation of United States Magistrate Judge Doyle W. Argo dated and entered September 26, 1995.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties