**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KATHLEEN BROCKMAN,

      Plaintiff-Appellant,

v.

SWEETWATER COUNTY SCHOOL
DISTRICT NO. 1, a unified school
district,

      Defendant-Appellee.

No. 97-8032
(D.C. No. 91-CV-218-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before us for a third time for review of the district court's enforcement of an oral compromise agreement. Plaintiff continues to argue, as she did in the district court, that if the agreement is to be enforced it must be enforced as agreed to by the litigants and cannot be modified by the district court and that the statute of frauds should have applied. We affirm.

This case has a lengthy procedural history. We provide only a brief summary here. On August 28, 1991, plaintiff filed a wrongful termination action against defendant. On September 8, 1992, the parties settled the case on the record before a magistrate judge. The settlement agreement, in relevant part, provided that plaintiff had two years from the date of signing the agreement to opt in to the defendant's health insurance plan for retirees. Although the parties contemplated that the settlement agreement would be reduced to writing, plaintiff refused to sign a written settlement. Defendant filed a motion to enforce the agreement. On June 9, 1993, the district court granted the motion. See Brockman v. Sweetwater County Sch. Dist. No. 1, 826 F. Supp. 1328 (D. Wyo. 1993). The court found unpersuasive plaintiff's argument that the compromise was not enforceable because it was not reduced to writing. See id. at 1332. The district court also indicated that plaintiff had two years to opt in to the health insurance plan, "under the same terms as retirees." Id. Plaintiff appealed arguing that the agreement should not be enforced because it was not reduced to writing and a

-2-

final agreement had not been reached.  See Brockman v. Sweetwater County Sch. Dist. No. 1, 25 F.3d 1055, 1994 WL 170795, at **2-**3 (10th Cir. May 5, 1994) (Brockman I).  This court affirmed.  See id. at **1, **3.

On September 23, 1994, defendant notified plaintiff it intended to treat the date of this court's mandate, June 15, 1994, as the date for commencement of the two-year period for opting in to the health insurance plan, "under the same terms as retirees."  On January 5, 1995, plaintiff filed a motion alleging the compromise agreement was void under the statute of frauds.  The district court construed the motion as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and denied the motion.  This court affirmed.  See Brockman v. Sweetwater County Sch. Dist. No. 1, 74 F.3d 1248, 1996 WL 1129 (10th Cir. Jan. 2, 1996) (Brockman II).

On February 9, 1996, plaintiff filed the motion relevant to this appeal.  She sought to have the district court delete the phrase "under the same terms as retirees" from its June 9, 1993, order enforcing the settlement agreement because it precluded her from employment and declare that the two year opt-in date did not commence until she signed a written settlement agreement.  On April 10, 1997, the district court determined that the contentions were untimely and foreclosed because plaintiff had a full and fair opportunity to challenge the June 9 order on appeal and to raise other objections on appeal from the denial of Rule

60(b) relief. Additionally, the district court determined that the language "under the same terms as retirees" did not alter the settlement agreement or preclude plaintiff from seeking other employment. With regard to the two year opt-in period, the district court concluded that because there will never be a signed agreement, due to enforcement of the oral compromise agreement, the date of this court's mandate in Brockman I is an appropriate date to commence the two-year period, leaving seventy-nine days from the court's April 10, 1997, order to opt in. Plaintiff appealed. The district court granted a stay of the opt-in date pending appeal.

On appeal, plaintiff argues that the district court improperly modified the settlement agreement because (1) the opt-in time was to begin when the agreement was signed, and (2) she was not to be under the same terms as retirees since that will foreclose her from seeking employment.[1] Any issues regarding the wording of the settlement agreement either were raised or could have been raised

---

[1] Plaintiff also suggests that the settlement agreement violates the statute of frauds. The district court thoroughly addressed this issue in its June 9, 1993, order. See Brockman, 826 F. Supp. at 1332-33. Plaintiff did not argue on appeal that the district court erred in ruling that the statute of frauds did not apply. See Brockman I, 1994 WL 170795, at **3 n.4. Although plaintiff later raised a statute of frauds issue in Brockman II, 1996 WL 1129, at **2 & n.3, this court declined to reach the issue because it was not raised in Brockman I and because Rule 60(b) may not be used as a substitute for an appeal. Again, for the reason that it was not raised previously, we decline to address a statute of frauds issue in this appeal.

in the prior proceedings and, thus, are barred under the doctrine of res judicata. See King v. Union Oil Co., 117 F.3d 443, 445 (10th Cir. 1997) ("Res Judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits."). Plaintiff cannot defeat application of res judicata merely by alleging new legal theories in subsequent proceedings when all of the claims arise out of the same transaction. See, e.g., Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997); Clark v. Haas Group, Inc., 953 F.2d 1235, 1238-39 (10th Cir. 1992).

Nonetheless, defendant has expressly stated plaintiff is allowed to seek employment without jeopardizing her right to health insurance benefits. She merely is required, like retirees, to pay premiums. Because defendant ensures the agreement permits plaintiff to seek other employment, plaintiff is receiving what she wants and there appears to be no further reason precluding her from deciding whether to opt in to the health insurance plan. As the district court indicated in its order enforcing the agreement, if plaintiff is dissatisfied with defendant's performance of the agreement "her remedies will sound in contract." Brockman, 826 F. Supp. at 1333.

Although the parties originally contemplated that the settlement agreement would be signed, the district court, as affirmed by this court, enforced the oral

-5-

agreement. No settlement agreement will ever be signed. Because the oral

agreement is being enforced, the district court correctly set a date for the opt-in

time to commence in order to preclude the opt-in period from remaining open

indefinitely. Under the circumstances of this case, where plaintiff should have

signed the agreement long before this court's mandate issued in Brockman I, the

district court's supplying of an opt-in starting date after enforcing the oral

compromise agreement was within the district court's authority.

We agree that the date of this court's mandate in Brockman I was an

appropriate date to commence the two-year time period. Because the district

court stayed the time period during the pendancy of this appeal, the remaining

seventy-nine days begins to run from the date of issuance of the mandate in this

appeal.

Plaintiff further argues that the district court's alleged modification of the

agreement evidences disparate treatment between men and women litigants. This

argument is conclusory, wholly unsupported, and frivolous.

Defendant argues plaintiff should be enjoined from filing any

further motions or appeals in this matter and should be sanctioned pursuant to

10th Cir. R. 46.6.1. In its June 9, 1993, decision the district court enjoined

plaintiff from pursuing further litigation against defendant after defendant

complied with the orders the district court set forth.  See Brockman, 826 F. Supp. at 1334.  Plaintiff has never challenged this part of the district court's decision. Defendant maintains that it has complied with the orders.  See Brief of Appellees at 14.  Although we decline to impose further sanctions at this time, we do note that this repetitive litigation must come to an end, see Nwosun, 124 F.3d at 1258 (policy considerations underlying res judicata include bringing litigation to end, avoiding vexation of parties, and conserving judicial resources).

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge